FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 MAR -6 AM 9: 20

CLERK, U.S. DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

BRENT WARREN YESSIN
    An Individual,
    Plaintiff

    v.

Case Number _8:03CV 4137-23mss_

NANCY HUTCHESON HARRIS, PA
    A Florida Corporation,
    Defendant

    And

NANCY HARRIS,
    An individual,
    Defendant

_____/

**COMPLAINT**

COMES NOW THE PLAINTIFF, Brent W. Yessin ("Plaintiff"), as counsel for himself, and for

his claim against Nancy Hutcheson Harris P.A. ("Harris, PA") and Nancy Harris ("Harris")

(Together "Defendants") does aver and state as follows:

**Parties and Jurisdiction**

1.   Plaintiff is a person within the meaning of 18 U.S.C §1961(3) and §1964(c), over the age of

    majority, resides in Hillsborough County, Florida, has been a resident thereof for more than 6

    years, and is legally capable of holding a beneficial interest in property;

2.   Plaintiff has real and personal property interests in Hillsborough County, including but not

    limited to a business, Yessin & Associates, LLC, and realty at 7742 Still Lakes Drive,

    Odessa, Florida;

3.   At all times pertinent hereto, Plaintiff was a resident of Hillsborough County and maintained

    real and personal property in that county;

TP20558
B150

4. Plaintiff was employed by D.J. Burke and Associates, Inc. d/b/a/ The Burke Group, a California company, as East Coast President until December 31, 2001, and by Labor Research, Inc. d/b/a/ PTI Labor Research, a Texas company from January 1, 2002 to the present, receiving a base salary and incentive pay as compensation, as shall later be alleged with more specificity;

5. Upon information and belief, Defendant Harris PA is, and was at all times pertinent hereto, a law firm, and/or professional association incorporated in Florida, with its principal place of business at 505 East Jackson Street, Tampa, FL, and is also a person as defined by 18 U.S.C. §1961(3), and used in 18 U.S.C §1962(c);

6. Upon information and belief, Defendant Harris is, and was at all times pertinent hereto, licensed to practice law in the State of Florida and maintains an office in Hillsborough, Florida, working for, employed by, and/or conducting the affairs of Harris PA, and is a person as defined by 18 U.S.C. §1961(3);

7. Upon information and belief, Harris is the sole shareholder of Harris PA, was employed by Harris PA, received remuneration and compensation from Harris PA, and acted to direct the day to day activities of the firm, and/or for purposes of state law liability and contract liability asserted as pendent claims hereto, Harris was the alter ego of Harris PA;

8. All pendent state causes of action alleged herein seek damages in excess of $5,000, exclusive of interest and costs;

9. On or about October 8, 2001, Michelle Yessin, ("Wife") retained, hired or employed Defendant(s) at Defendants' offices in Hillsborough County with regard to representation in a dissolution proceeding, in a matter adverse to Plaintiff;

10. Wife is, and was at all times pertinent hereto, a resident of Hillsborough County, and is a person as defined by 18 U.S.C. §1961(3);

11. Wife discharged Defendants, or either/both of them, in or about the first week of July 2002;

12. Wife and Plaintiff were divorced by Final Order in Hillsborough Circuit Court on or about August 10, 2002, that Order incorporating a negotiated Marital Settlement Agreement ("MSA"), which contains fee shifting terms which make Plaintiff liable for 90% of all actual liability incurred to Defendant(s) in the Dissolution matter only;

13. Defendant(s) have sought a lien against real property in which Plaintiff had an interest at all times pertinent hereto, such property being located in Hillsborough County at 7742 Still Lakes Drive, STILLWATER LOT 12, PHASE 1 ("Stillwater");

14. Plaintiff also maintains numerous state law claims which are pendant to the underlying federal action, and will be asserted herein;

15. Defendant(s) assert a claim against Wife which if valid and enforced or enforceable, would be paid in substantial part by Plaintiff;

16. If Plaintiff did not assert his claims at this time, and the matter between Wife and Defendant(s) were concluded, he could be denied the opportunity to resolve the claims herein asserted or to seek redress for the actions of Defendant(s) asserted hereunder;

17. Plaintiff stands in the wife's place relative to her pendant claims arising from Defendant's representation of Wife, insofar as he has contracted with Wife, via the Marital Settlement Agreement ("MSA") to accept 90% of certain liability ("actual liability" in the parlance of the MSA) that Harris, PA asserts, and as such stands as a subragor or indemnitor in that action;

18. This Court has jurisdiction over the subject matter of this action under the express terms of 18 USC 1964(c);

19. This Court has personal jurisdiction over the parties hereto, and there are sufficient contacts to create a nexus between the parties and the subject matter of this action such that this Court should is the appropriate forum, and has jurisdiction over the claims as set forth herein;

## COUNT I – 18 U.S.C. § 1962(c), RACKETEERING

20. The averments set forth in paragraphs 1 - 19 are incorporated as if restated herein in their entirety;

21. Defendant Harris PA is, and was at all times pertinent hereto, operated by Harris and others as an "Enterprise" within the meaning of 18 U.S.C. § 1961(4), organized and conducting business as a law firm in Tampa, Florida, and incorporated or registered in the State of Florida, and doing business in interstate commerce through among other acts: regular billing and pleadings sent via U.S. mail and facsimile, representation of clients and/or against parties who are outside the state of Florida, conducting discovery out of state, advertising on publications both electronic and physical that are created and/or distributed outside of the state of Florida;

22. Upon information and belief Defendant Harris is, and was at all times pertinent hereto, the sole shareholder, principal, partner, managing partner and/or director, and as such derived benefit, income or profit from the law firm and directed its affairs;

23. Defendants, or each of them, were retained by Wife to represent her in two separate legal proceedings, a Dissolution of Marriage, *Yessin v. Yessin*, Case # 01-14704, Division "B", Family Law Division, Hillsborough (Florida) Circuit Court, ("the Divorce") and a Domestic Violence injunction later dismissed by the Court in *Yessin v. Yessin*, Case # 01-14479, Division "H," Hillsborough Circuit Court ("DV action");

24. Defendants, or each of them, had Wife sign a retainer agreement granting Harris PA an attorney's charging lien for amounts billed in the Divorce, and purporting to waive Wife's

Homestead protections provided by the Florida Constitution, Article 10, section 4 ("Homestead protection") for the purpose of facilitating collection against the client under terms of the retainer agreement;

25. Defendants, or each of them, have never alleged the existence of a retainer agreement for the DV action, nor would such an action produce a recovery attachable by an attorney's charging lien in any event;

26. At all times pertinent hereto, Defendant(s) were to receive compensation based in large part on the number of hours billed;

27. Defendant Harris PA did attempt to collect or solicit payment through regular periodic billing or invoicing of its clients, including Wife, and such invoices, from November 20, 2001 through August 1, 2002 are attached herewith as "Attachment B," ("the Invoices") with an affidavit by Wife identifying the Invoices attached herewith as "Attachment A" ("Wife's Affidavit");

28. The invoices purported to represent amounts recoverable by Defendant(s) for legal services and/or costs expended on, or in furtherance of either 1) the Divorce or 2) the DV, and were mailed via U.S. mail with the intent of receiving payment in the amount invoiced;

29. Amounts that were not paid were carried over from one month to the next and accrued interest, which was also subsequently billed, so if improper amounts were billed and not paid, interest on the "debt" would continue to accrue and be invoiced again regularly;

30. Defendants, or each of them, although terminated by Wife prior to the entry of the final order and/or having withdrawn by that time, did participate in the negotiation of a Marital Settlement Agreement between Plaintiff and Wife which provided that fees and costs incurred in the DV matter should be paid by entirely by Wife, and 90% of fees and costs incurred in the Divorce should be paid by Plaintiff;

31. Upon information and belief, Wife was informed at all times pertinent hereto by Defendant(s), or each of them, that DV billing would likely be her responsibility, but Divorce billing would likely be paid by Plaintiff, whether by agreement or Order;

32. Defendant(s) attempted on several occasions prior to the Final Order to shift fees for the Divorce from Wife's responsibility to that of Plaintiff, including at temporary support proceedings in January 2002, and in numerous pleadings in that action;

33. Defendants regularly, repeatedly, routinely and intentionally assigned hours and costs to the Divorce case which were properly billed to the DV case, with the intention of ensuring that their interests and profits were maximized, to the detriment or harm of both Wife and Plaintiff;

34. Defendant Harris PA did conduct certain of its affairs through a "pattern" of racketeering activity as defined in 18 U.S.C. §1961(5) which will be more fully set forth below, in violation of 18 U.S.C. §1962(c);

35. Defendants, or each of them, as evidenced by their Invoices, spent numerous hours researching their own legal claims against (their client) Wife, billed Wife for those hours, and intended to collect from Plaintiff, including time billed on:

     a)  February 18, 2002,

     b)  February 19, 2002,

     c)  February 21, 2002,

     d)  March 28, 2002,

     e)  March 29, 2002,

     f)  April 2, 2002,

     g)  April 17, 2002,

     h)  April 22, 2002.

36. Upon information and belief, Defendants knew or should have known that such research, which was adverse to their client's interest, was not *billable* to her, yet Defendants, or each of them, directed that a bill be mailed, via U.S. Mail, to Wife with such improper billing entries on the following dates:

   a)  March 7, 2002

   b)  May 29, 2002

   c)  June 27, 2002 (included amounts not billable as past due and charged interest on them)

   d)  August 1, 2002 (included amounts not billable as past due and charged interest on them)

   e)  In or about September 2002, and subsequent billings (included amounts not billable as past due and charged interest on them)

37. Defendant(s), or each of them, transferred funds from the client trust account in the Divorce to pay costs incurred in the DV matter on April 30, 2002, as shown on the May 29th billing statement (See Invoices) without Wife's consent;

38. Defendant(s), or each of them, billed Wife for numerous items under the Divorce account that should properly have been billed as DV matters, including but not limited to:

   a)  "Conference with client.  Assisted Client with DV injunction at Courthouse" (billed 1.3 hours by attorney "NDB" on October 8, 2001) as part of the Divorce proceeding;

   b)  "...prepare for DV hearing on 10/10/01" billed (on October 11, 2001 by NDB) to the Divorce matter;

c) "Office conference with client and NDB regarding hearing on Domestic Violence Injunction" and "Telephone conference...regarding []testimony at domestic violence hearing" billed (by attorney CER) on October 11, 2001;

d) "Give Directions to CER regarding visitation at daycare before DVI served on [Plaintiff]" billed (by Defendant Harris) on October 16, 2001;

e) Approximately 22 hours of the 27.9 hours billed by Defendants on their November 20, 2001 Divorce invoice were similar entries, allocable to the DV matter and not the Divorce, thus not otherwise chargeable by lien, not otherwise covered by the retainer agreement, not otherwise subject to an alleged waiver of homestead protection, and not otherwise payable by Plaintiff;

f) Approximately 8 hours of DV billing was billed as Divorce hours in the January 17, 2002 bill, and $238.50 of costs for a transcript from a DV hearing was charged to the Divorce account on that bill on 12/6/2001;

g) Approximately 6 hours of DV billing was billed as Divorce hours in the February 20, 2002 bill;

h) On or about April 30, 2002, $437.01 was transferred from the Divorce trust account to Defendant's operating account to pay "cost incurred in Domestic Violence action;"

i) Such amounts were billed as "past due amounts" on every subsequent bill in the divorce matter, including January 2, 2002, January 17, 2002, February 20, 2002, March 7, 2002, May 29, 2002, June 27, 2002, August 1, 2002, and various other times continuing to the present;

39. On at least two occasions, Defendants attempted to charge Wife, and therefore ultimately Plaintiff, a usurious charge of interest, once on the May 29, 2002 Invoice wherein $1486.85 was charged on what Defendant(s) themselves claimed was a $36,000 outstanding balance, as well as $970.64 on what Defendant(s) claim was a $51,000 outstanding balance on August 1, 2002.

40. When the Invoices listed above are adjusted to reflect DV matters written off the Divorce Invoice(s), the interest rates on past due balances are usurious.

41. The Divorce between Wife and Plaintiff was final in August 10, 2002, incorporating the MSA between the parties which clearly and explicitly shifted 90% of the fees for the Divorce to Plaintiff, and since that time Defendant(s), or each of them, have continued to submit the Invoices for payment, have submitted the Invoices for adjudication in State court, have attempted to encumber Plaintiff's realty at 7742 Still Lakes Drive by an attorney's charging lien in the amount set forth in the Invoices, and have generally and regularly continued to attempt to collect on the amounts set forth therein;

42. Upon information and belief, Defendants, by the actions set forth above, did consciously and intentionally attempt to recover amounts that they knew were not billable, or billable to the account shown, and continue to do so;

43. Upon information and belief, despite that knowledge, Defendant(s) attempted by their acts to create a liability for Wife which they knew would be shifted and/or planned to shift to Plaintiff, thus harming plaintiff's interest by forcing him to pay amounts that he did not owe and encumber his real and personal property, and continue to do so;

44. Upon information and belief, Defendants did attempt to collect money by sending these Invoices to their client via US Mail, on the dates set forth in Paragraph 36, above;

45. Such mailings constitute violations of 18 U.S.C. §1341, and thus 18 U.S.C. §1961(1);

46. Upon information and belief, Defendants did attempt to collect money by sending these Invoices via U.S. Mail to Plaintiff through opposing counsel and the Court.

47. Such mailings constitute violations of 18 U.S.C. §1341, and thus 18 U.S.C. §1961(1);

48. Upon information and belief, Defendants did at various times attempt to collect by sending the Invoices to their client, opposing counsel and/or the Court by facsimile, *ergo* by wire.

49. Such collections constituted violations of 18 U.S.C. §1343, and thus 18 U.S.C. §1961(1);

50. Upon information and belief, the intention of defendants was to induce or force Wife and Plaintiff (through the assignment, indemnification or fee shifting agreed in the MSA) into making payments on the Invoices, and that attempt continues to the present;

51. Upon information and belief, Defendants knew or should have known that Plaintiff would eventually be responsible for a percentage of their fees, and thus any attempt to inflate those fees would adversely effect Plaintiff;

52. As a result of such actions, Plaintiff has suffered, and continues to suffer damages, including but not limited to

      a)  attorney's fees incurred in excess of $50,000

      b)  lost work time and forfeited bonuses by having to devote approximately 20% of his work time to defense of this matter, costing Plaintiff approximately $150,000

      c)  encumbrance of his real property resulting in a $100,000 loss

      d)  costs incurred in defense of this matter

      e)  various and sundry other miscellaneous costs and damages to be pled and proved;

53. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that his work schedule and business interests would be adversely affected by protracted litigation, and indeed upon information and belief, were motivated by that;

54. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that he was incurring attorney's fees, and indeed upon information and belief, were motivated by that;

55. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that his real property was for sale, that he needed to sell the property, and that the Notice of Charging Lien based in the amount of the Invoices would impair title to the property, and indeed upon information and belief, were motivated by that;

56. The acts and actions of defendants, as set forth in paragraphs 1 – 44 proximately caused the damage to Plaintiff and his property interests as set forth herein;

## COUNT II

## FLORIDA STATUTE 772.101, ET SEQ., CIVIL REMEDIES FOR CRIMINAL PRACTICES

57. The averments set forth in paragraphs 1 - 56 are incorporated as if restated herein in their entirety;

58. Defendant Harris PA is, and was at all times pertinent hereto, operated by Harris and others as an "Enterprise" within the meaning of 772.102 (3) and 895.02(3), organized and conducting business as a law firm in Tampa, Florida, and incorporated or registered in the State of Florida;

59. Upon information and belief Defendant Harris is, and was at all times pertinent hereto, the sole shareholder, principal, partner, managing partner and/or director, and as such derived benefit, income or profit from the law firm and directed its affairs;

60. Defendants, or each of them, were retained by Wife to represent her in two separate legal proceedings, the Divorce and the DV matter;

61. Defendants, or each of them, had Wife sign a retainer agreement granting Harris PA an attorney's charging lien for amounts billed in the Divorce, and purporting to waive Wife's Homestead protections provided by the Florida Constitution, Article 10, section 4 for the purpose of facilitating collection against the client under terms of the retainer agreement;

62. Defendants, or each of them, have never alleged the existence of a retainer agreement for the DV action, nor would such an action produce a recovery attachable by an attorney's charging lien in any event;

63. At all times pertinent hereto, Defendant(s) were to receive compensation based in large part on the number of hours billed;

64. Defendant Harris PA did attempt to collect or solicit payment through regular periodic billing or invoicing of its clients, including Wife, and such invoices, from November 20, 2001 through August 1, 2002 are attached herewith ("the Invoices") with an affidavit by Wife identifying the Invoices attached herewith ("Wife's Affidavit");

65. The invoices purported to represent amounts recoverable by Defendant(s) for legal services and/or costs expended on, or in furtherance of either 1) the Divorce or 2) the DV, and were mailed via U.S. mail with the intent of receiving payment in the amount invoiced;

66. Amounts that were not paid were carried over from one month to the next and accrued interest, which was also subsequently billed, so if improper amounts were billed and not paid, interest on the "debt" would continue to accrue and be invoiced again regularly;

67. Defendants, or each of them, although terminated by Wife prior to the entry of the final order and/or having withdrawn by that time, did participate in the negotiation of a Marital Settlement Agreement between Plaintiff and Wife which provided that fees and costs

incurred in the DV matter should be paid by entirely by Wife, and 90% of fees and costs

incurred in the Divorce should be paid by Plaintiff;

68. Upon information and belief, Wife was informed at all times pertinent hereto by

Defendant(s), or each of them, that DV billing would likely be her responsibility, but Divorce

billing would likely be paid by Plaintiff, whether by agreement or Order;

69. Defendant(s) attempted on several occasions prior to the Final Order to shift fees, including

temporary support proceedings, and pleadings for the Divorce action to Plaintiff, and that fee

shifting has now occurred by reason of the Final Order and MSA in the Divorce case;

70. Defendants regularly, repeatedly, routinely and intentionally assigned hours and costs to the

Divorce case which were properly billed to the DV case, with the intention of ensuring that

their interests and profits were maximized, to the detriment or harm of both Wife and

Plaintiff;

71. Defendant Harris PA did conduct certain of its affairs through a "pattern" of racketeering

activity as defined in 772.102(4) and 895.02(4) which will be more fully set forth below, in

violation of 772.103(3) and 895.03, 895.05;

72. Defendants, or each of them, as evidenced by their Invoices, spent numerous hours

researching their own legal claims against (their client) Wife, billed Wife for those hours, and

intended to collect from Plaintiff, including time billed on:

        a)  February 18, 2002,

        b)  February 19, 2002,

        c)  February 21, 2002,

        d)  March 28, 2002,

        e)  March 29, 2002,

        f)  April 2, 2002,

    g) April 17, 2002,

    h) April 22, 2002.

73. Upon information and belief, Defendants knew or should have known that such research, which was adverse to their client's interest, was not *billable* to her, yet Defendants, or each of them, directed that a bill be mailed, via U.S. Mail, to Wife with such improper billing entries on the following dates:

    a) March 7, 2002

    b) May 29, 2002

    c) June 27, 2002 (included amounts not billable as past due and charged interest on them)

    d) August 1, 2002 (included amounts not billable as past due and charged interest on them)

    e) In or about September 2002, and subsequent billings which either Wife or Deefendant(s) can produce (included amounts not billable as past due and charged interest on them)

74. Defendant(s), or each of them, transferred funds from the client trust account in the Divorce to pay costs incurred in the DV matter on April 30, 2002, as shown on the May 29th billing statement (See Invoices) without Wife's consent;

75. Defendant(s), or each of them, billed Wife for numerous items under the Divorce account that should properly have been billed as DV matters, including:

    a) "Conference with client. Assisted Client with DV injunction at Courthouse" (billed 1.3 hours by attorney "NDB" on October 8, 2001) as part of the Divorce proceeding;

b) "...prepare for DV hearing on 10/10/01" billed (on October 11, 2001 by NDB) to the Divorce matter;

c) "Office conference with client and NDB regarding hearing on Domestic Violence Injunction" and "Telephone conference...regarding []testimony at domestic violence hearing" billed (by attorney CER) on October 11, 2001;

d) "Give Directions to CER regarding visitation at daycare before DVI served on [Plaintiff]" billed (by Defendant Harris) on October 16, 2001;

e) Approximately 22 hours of the 27.9 hours billed by Defendants on their November 20, 2001 Divorce invoice were similar entries, allocable to the DV matter and not the Divorce, thus not otherwise chargeable by lien, not otherwise covered by the retainer agreement, not otherwise subject to an alleged waiver of homestead protection, and not otherwise payable by Plaintiff;

f) Approximately 8 hours of DV billing was billed as Divorce hours in the January 17, 2002 bill, and $238.50 of costs for a transcript from a DV hearing was charged to the Divorce account on that bill on 12/6/2001;

g) Approximately 6 hours of DV billing was billed as Divorce hours in the February 20, 2002 bill;

h) On or about April 30, 2002, $437.01 was transferred from the Divorce trust account to Defendant's operating account to pay "cost incurred in Domestic Violence action;"

i) Such amounts were billed as "past due amounts" on every subsequent bill in the divorce matter, including January 2, 2002, January 17, 2002, February 20, 2002, March 7, 2002, May 29, 2002, June 27, 2002, August 1, 2002, and various other times continuing to the present;

76. On at least two occasions, Defendants attempted to charge Wife, and therefore ultimately Plaintiff, a usurious charge of interest, once on the May 29, 2002 Invoice wherein $1486.85 was charged on what Defendant(s) themselves claimed was a $36,000 outstanding balance, as well as $970.64 on what Defendant(s) claim was a $51,000 outstanding balance on August 1, 2002.

77. When the Invoices listed above are adjusted to reflect DV matters written off the Divorce Invoice(s), the interest rates on past due balances are even higher.

78. The Divorce between Wife and Plaintiff was final in August 10, 2002, incorporating the MSA between the parties which clearly and explicitly shifted 90% of the fees for the Divorce to Plaintiff, and since that time Defendant(s), or each of them, have continued to submit the Invoices for payment, have submitted the Invoices for adjudication in State court, have attempted to encumber Plaintiff's realty at 7742 Still Lakes Drive by an attorney's charging lien in the amount set forth in the Invoices, and have generally and regularly continued to attempt to collect on the amounts set forth therein;

79. Upon information and belief, Defendants, by the actions set forth above, did consciously and intentionally attempt to recover amounts that they knew were not billable, or billable to the account shown, and continue to do so;

80. Upon information and belief, despite that knowledge, Defendant(s) attempted by their acts to create a liability for Wife which they knew would be shifted and/or planned to shift to Plaintiff, thus harming plaintiff's interest by forcing him to pay amounts that he did not owe and encumber his real and personal property, and continue to do so;

81. Upon information and belief, Defendants did attempt to collect money by sending these Invoices to their client via US Mail, on the dates set forth above

82. Such mailings constitute violations of 18 U.S.C. §1341, and thus 18 U.S.C. §1961(1), and Florida Statutes 895.02(1)(a)(26) and Chapter 817;

83. Upon information and belief, Defendants did attempt to collect money by sending these Invoices to Plaintiff through opposing counsel and the Court in support of their Notice and Motion by U.S. Mail.

84. Such mailings constitute violations of 18 U.S.C. §1341, and/or the Florida Statutes Chapter 772.103(3), under definitions of prohibited activity found in 772.102(1)(a)11, 22, 26 and 772.103(1)(b), as well as 895.02(1)(a)(26) and Chapter 817, and thus are actionable privately under both 18 U.S.C. §1961(1) and Florida Statutes 772.104 and 895.05;

85. Upon information and belief, Defendants did at various times attempt to collect by sending this false billing, or parts thereof containing the offending references, to their client, opposing counsel and/or the Court by facsimile, *ergo* by wire.

86. Such collections constituted violations of 18 U.S.C. §1343, and thus and/or the Florida Statutes Chapter 895.02(1)(a)(26) and Chapter 817 and thus are actionable privately under both 18 U.S.C. §1961(1) and Florida Statutes 772.103(3), 772.104 and 895.05;

87. Upon information and belief, the intention of defendants was to induce or force Wife and Plaintiff (through the assignment, indemnification or fee shifting agreed in the MSA) into making payments on the Invoices, and that attempt is continuing to the present;

88. Upon information and belief, Defendants knew or should have known that Plaintiff would eventually be responsible for a percentage of their fees, and thus any attempt to inflate those fees would adversely effect Plaintiff;

89. As a result of such actions, Plaintiff has suffered, and continues to suffer damages, including but not limited to

    a) attorney's fees incurred in excess of $50,000

    b)  lost work time and forfeited bonuses by having to devote approximately 20% of his work time to defense of this matter, costing Plaintiff approximately $150,000

    c)  encumbrance of his real property resulting in a $100,000 loss due to the lien filed in the amount attempted to be collected by the Invoices

    d)  costs incurred in defense of this matter

    e)  various and sundry other miscellaneous costs and damages to be pled and proved;

90. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that his work schedule and business interests would be adversely affected by protracted litigation, and indeed upon information and belief, were motivated by that;

91. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that he was incurring attorney's fees, and indeed upon information and belief, were motivated by that;

92. The damages sustained by the Plaintiff were foreseeable, as Defendant(s) were aware that his real property was for sale, that he needed to sell the property, and that the Notice of Charging Lien based in the amount of the Invoices would impair title to the property, and indeed upon information and belief, were motivated by that;

93. The acts and actions of defendants, as set forth in paragraphs 20 – 92 proximately caused the damage to Plaintiff and his property interests as set forth herein;

## COUNT III

## BREACH OF CONTRACT (DERIVATIVE FROM WIFE)

94. The averments set forth in paragraphs 1 through 93 are restated here as if they were restated in their entirety;

95. Upon information and belief, on or about October 8, 2001, Defendants, or each of them, entered into an attorney-client relationship with Wife, assuming all rights and duties that such representation entails;

96. On or about July 18, 2002, Wife and Husband executed a Marital Settlement Agreement ("MSA"), which is attached hereto as "Attachment C," that is a contract between the parties, and which contract has been incorporated into a Final Judgment in the above captioned action;

97. The MSA contractually requires Husband to assume 90% of all "actual liability" of Wife in regards to certain fees and expenses arising from the attorney client relationship between Wife and Defendants;

98. The MSA, therefore, assigns to the Plaintiff the rights and causes of actions inuring to Wife sufficient to adjudicate what the "actual liability" of Wife, if any, may be to Harris PA and/or Harris;

99. Additionally, the parties agreed that they should have an equal share of any and all causes of action that they may respectively have against other persons, including Defendants, insofar as such rights would have inured to the parties during the course of the marriage;

100. Accordingly, Plaintiff and Wife together have certain claims against Defendants, or each of them;

101. As a result of the Attorney-Client relationship, Defendants had a duty to represent Wife with reasonable care, skill, and diligence as ordinarily possessed and exercised by other attorneys in this state;

102. Upon information and belief, Defendants, or each of them, breached the duty of an attorney to a client in the following ways or by the following acts or omissions:

a) Defendants, or each of them, failed at all times to keep Wife reasonably informed of the progress of her case;

b) Defendants, or each of them, failed to perform all legal services reasonably necessary to represent Wife;

c) Defendants, or each of them, failed to show up at Court ordered mediation on or about April 17, 2002;

d) Defendants, or each of them, failed to show up on time and missed approximately the first half hour of Plaintiff's January 2, 2002 deposition in preparation for the impending temporary support hearing;

e) Defendants, or each of them, failed to file a response or counterclaim to the affirmative defenses or claims raised in Plaintiff's Response and Counter-Claim to Wife's Petition for Dissolution of Marriage;

f) Defendants, or each of them, did not prepare Wife or other witnesses for a domestic violence hearing, her own deposition or other Court proceedings consistent with what would have been reasonable and prudent in similar circumstances, and in some cases, offered no preparation whatsoever, leaving the wife at a disadvantage in the proceedings;

g) Defendants, or each of them, failed to negotiate a settlement in a reasonable, timely manner or in a manner which would likely lead to settlement;

h) Defendants, or each of them, failed to keep client informed of progress of the case including the existence of settlement offers, or time constraints therein;

i) Defendants, or each of them, failed to draft the required Proposed Final Order in a timely manner;

j) Defendants, or each of them, attempted to block the entry of Wife's proposed Final Order despite being specifically instructed not to do so

k) By the actions set forth in the paragraph above, Defendant(s) thereby jeopardized the settlement itself and increased the parties' costs;

l) Defendants, or each of them, failed to provide services, execute duties, and issue responses in a manner which would be reasonably expected of one holding herself/themselves out to be practitioners with a specialty or emphasis in Family Law;

m) Defendants, or each of them engaged in billing practices that were legally and ethically impermissible, including but not limited to billing for hours not worked on behalf of the client, transferring funds from the client trust account to pay costs in another matter without the permission of the client, and billing the client for pursuing actions or engaging in behavior or actions adverse to the client, including researching Harris PA's claims against its own client;

103. Upon information and belief, as a foreseeable and proximate result of defendant(s)' breach of duty, Wife sustained the following damages: monetary damages in lost income, loss of earning, lost opportunity to settle earlier, loss of prospective gain, loss of prospective employment, and incurred alleged liability to Defendants, unnecessary expenses, anxiety, stress and pain and suffering including physical symptoms;

104. The damages sustained by Wife were foreseeable, and were proximately caused by the defendant's breach(es) of duty.

## COUNT IV

## COMMON LAW NEGLIGENCE/MALPRACTICE (PERSONAL TO HUSBAND)

105. The averments set forth in paragraphs 1 through 104 are restated here as if they were restated in their entirety;

106. Upon information and belief, Defendants, or each of them, breached the duty of an attorney to a client in the following ways or by the following acts or omissions:

a) Defendants, or each of them, failed at all times to keep Wife reasonably informed of the progress of her case;

b) Defendants, or each of them, failed to perform all legal services reasonably necessary to represent Wife;

c) Defendants, or each of them, failed to show up at Court ordered mediation;

d) Defendants, or each of them, failed to adequately apprise Wife of the enforceability of the prenuptial agreement;

e) Defendants, or each of them, were unaware that they had negligently failed to file responsive pleadings to Plaintiff's assertion of the prenuptial agreement in affirmative defenses and the counterclaim to the Petition for Dissolution, and therefore could not have adequately valued the case for Wife;

f) Defendants, or each of them, did not do a valuation of the case, based on the prenuptial agreement, until the case was near settlement (May 16, 2002), an incredible seven months after the action was filed, and six months after the prenuptial was asserted in the responsive pleadings, and five months after the prenuptial was produced and discussed during discovery;

g) Defendants, or each of them, did not make a reasonable or serious settlement offer at any time during the course of negotiations, and indeed Wife had to rescue settlement negotiations twice when Defendants badly handled them: 1) once when they made a counter offer that was 50% higher than the original offer, despite the fact that Wife had tentatively agreed to the terms of the original offer and Defendants were told by opposing counsel that the original offer was "near the top of the settlement range" and 2) once making a counter offer that specifically changed the scope of the already agreed to Joint

Stipulation in ways that Defendants knew or should have known made the offer

impossible to accept;

h) Wife had to conduct settlement negotiations with little or no assistance from counsel until

the MSA was hours from being incorporated into a proposed Agreed Final Order;

i) Defendants, or each of them, at all times pertinent hereto prior to June 17, 2002, failed to

negotiate a settlement in a reasonable, timely manner or in a manner which would likely

lead to settlement;

j) Defendants, or each of them, failed to keep client informed of progress of the case

including the existence of settlement offers, or time constraints therein;

k) Defendants, or each of them, failed to properly apprise Wife of the likelihood of

prevailing in the Domestic Violence matter on her Motion for a rehearing or appeal, or

the advisability of same;

l) Defendants failed to apprise wife of the weaknesses of the Domestic Violence claim

despite the fact that they were aware of the failure of the Hillsborough Sheriff's Office to

issue a report on their investigation, which is prima facie evidence, or at the least a strong

indication to a reasonably prudent counselor, of the frailty of the case;

m) Defendants encouraged Wife to continue that doomed litigation despite interviews with

witnesses that would have indicated to a practitioner of reasonable skill and experience in

a similar circumstance that the likelihood of success was not great, and that the

consequence of failure could be costly;

n) Defendants counseled Wife to undertake the re-hearing and appeal because otherwise

Plaintiff would "use it against them" in the Divorce proceedings that they had previously

attempted but were unsuccessful in their attempts to get a domestic violence injunction;

o) Defendants, or each of them, failed to draft the required Proposed Final Order in a timely manner;

p) Defendants, or each of them, attempted to block the entry of Wife's proposed Final Order despite being specifically instructed not to do so, thereby jeopardizing the settlement itself and increasing the parties' costs;

107. Upon information and belief, in the absence of one or more of the breaches of professional responsibility and duty of an attorney to a client, as enumerated above, Wife would have fully appreciated the value of the case, the value of a settlement, and engaged in negotiations in a manner that would have led to a more timely resolution of the case and mitigation of the damages set forth below;

108. Upon information and belief, in the absence of one or more of the breaches of professional responsibility and duty of an attorney to a client, as enumerated above, Defendants themselves would have fully appreciated the value of the case, the value of a settlement, and engaged in negotiations in a manner that would have led to a more timely resolution of the case and mitigation of the damages set forth below;

109. Defendant(s) had a professional, ethical and contractual duty to the client, ethical and professional duties to the Court and other parties to exercise reasonable skill and diligence, and it is reasonably foreseeable that when that duty is breached, other parties are damaged, including Plaintiff, as the instant case indicates;

110. Plaintiff has been personally damaged, in addition to the amounts set forth in the derivative claim above, by the negligent conduct of Defendant(s) by losing income that he would have otherwise earned, expended funds in fees and costs associated with unnecessarily attenuated litigation, expended funds and fees in un-reimbursed business travel to return for hearings or other case related activities, or to extend stays for such purposes at additional

cost, and Plaintiff has suffered emotional harm and distress, including lost time with his

family and daughter;

111.    Such damages to the Husband were at all times reasonably foreseeable consequences of

defendant(s)' actions;

## COUNT V

## COMMON LAW: OUTRAGEOUS CONDUCT

112.    The averments set forth in Paragraphs 1 - 111 are set forth herein as if restated in their

entirety;

113.    On or about November 16, 2001, Defendant(s) did mail and fax, or did cause to mailed

and faxed to Plaintiff through his counsel a demand that he agree to a visitation schedule on

terms Defendant(s) set forth in the letter, or Plaintiff would be denied visitation with his

daughter, saying "I will need for you to confirm in writing his acceptance of these times for

this weekend's visitation *before this weekend's visitation can take place"* (emphasis added)

at a time when neither party had color of law to grant one or the other any priority in

visitation of the minor child;

114.    Defendant(s) knew or should have known that they had no right to withhold visitation of

Plaintiff's daughter, and wished to take advantage of the fact that he had recently been

forcibly separated from his daughter by the since-dismissed DV claim by threatening to

withhold a right if Plaintiff did not agree to forego his rights, a demand Defendant's had no

right to make;

115.    On or about October 8, 2001, Defendants presented their client, Wife, with a retainer

agreement requiring her to waive Constitutional homestead exemptions in order that they

might take a charging lien against her property, which they knew or should have known to be

unenforceable as against public policy, unconstitutional and professionally suspect, and neglected to advise her of her rights in that regard;

116.    Upon information and belief, Wife pleaded with Defendants to negotiate a settlement in the underlying action, and Defendants avoided doing so in wanton disregard for the interest and express instructions of their client;

117.    Upon information and belief, Wife had to negotiate the agreement which came to be the MSA practically on her own, with little assistance from counsel, despite repeated efforts by Wife to reach Defendants for assistance until the settlement was nearly completed in June 2002;

118.    Upon information and belief, although Defendants knew of the importance of settlement to Wife, Defendants, or each of them, (1) failed to show up at the Court-ordered mediation, (2) refused to take Wife's calls and pleas for help, (3) finally called Wife moments before the mediation was to begin to berate her for not having gotten her father to take out a bigger mortgage on his home to pay Harris PA, and (4) even suggesting that Defendants should be paid before Wife "bought groceries" for her children;

119.    Upon information and belief, Defendants did not attempt to withdraw from the case, as would have been their right, but rather attempted to use their client's desperation to settle the case to threaten to simply fail to show up, which threat Defendant(s) made good on;

120.    Upon information and belief, Defendants breached their duty to Wife by, among other actions, (1) failing to negotiate in a timely manner when directed to do so, (2)receiving a copy of a time sensitive settlement offer on or about January 28, 2002 (a settlement that Wife had negotiated) and not responding until on or about March 16, 2002, despite repeated pleas by Wife to respond and attempts by Opposing Counsel to negotiate, then (3) failed to negotiate at all on a counter-offer received by Defendants on or about March 19, 2002,

despite Wife's pleas that they do so, even refusing to accept phone calls, faxes or e-mails from  Opposing Counsel (Plaintiff) despite Client's admonition and direction to do so, and Opposing Counsel (Real's) direction to do so (4) failed to negotiate effectively between on or about May 1, 2001 through June 17, 2002 despite pleas and instructions from Wife and attempts by Opposing Counsel;

121.    Defendants consistently put their interest ahead of their client, defying their professional and ethical obligations to Wife;

122.    Upon information and belief, Defendants actually belittled Wife to opposing counsel saying, among other things, that she (they) "are tired of screwing around with either one of the Yessins" during a critical phase of the negotiations;

123.    Upon information and belief, Defendants (1) billed Wife for researching their claim against her, (2) neglected to pursue settlement whilst doing so, (3) in the six weeks following Plaintiff's Counter-Offer (to settle the Divorce case) on March 27, 2002 Defendants spent approximately four times more hours researching their claim against their client than negotiating on her behalf as Wife had instructed, (4) spent approximately three times more hours researching how to run for judge than negotiating on her behalf as Wife had instructed, (5) spent approximately six times more hours preparing for mediation which Defendants then failed to attend than negotiating on her behalf as Wife had instructed and (6) made improper transfers of funds from her Divorce trust account to pay for costs incurred in her DV matter;

124.    Upon information and belief, Defendant's actions in billing their client for time expended researching claims against her constitute a breach of professional responsibility and ethics, and those actions are made more outrageous when defendants attempted to convert those entries into a lien against the proceeds of Wife's settlement, which was negotiated principally by her despite consistent roadblocks erected by defendants, and which was intended for the

purchase of suitable housing for herself and her three children, against her homestead

property and on her alimony;

125.    Upon information and belief, at all times pertinent hereto, Wife communicated her

anxiety, frustration and distress to defendants, either to Harris directly, or to professional or

lay staffing operating at her direction on behalf of Harris PA, and it was clear or should have

been clear to a reasonable professional with the skill and experience asserted by Defendants

to recognize that anxiety, frustration and distress and to mitigate it rather than exacerbating it

with their own behavior;

126.    Upon information and belief, Defendants, or both of them, were in a special relationship

with Wife, as counsel, with an especially high duty to Wife, had knowledge of the frailty,

anxiety and emotional distress that Wife suffered, observed her break down in tears in the

office, in Court, and during her deposition, were aware that Wife's father had recently been

diagnosed with cancer and that she needed and wanted to settle the litigation on terms very

close to those proposed by Plaintiff, and Defendants showed a callous disregard for Wife's

condition and circumstances;

127.    Upon information and belief, Defendants, or both of them, actually attempted to leverage

Wife's condition for their advantage by berating her to pay and making menaces just as

settlement teetered on the edge of breaking down at their hand;

128.    Defendant(s) filed a notice of attorney's charging lien against the marital estate,

attempting to encumber homesteaded property and alimony in an amount that included fees

incurred in the DV matter and for which no retainer agreement existed, no lien was possible

and no recovery had, and attempted to block Wife's receipt of her final periodic alimony

payment until the lien was satisfied;

129.    Defendant's actions as set forth above had the reasonably foreseeable effect of harming

plaintiff in his attempts to sell and convey the property, forced him to expend more fees and

costs, lose more work time and thus income, and generally continue to suffer at Defendant's

hands;

130.    Furthermore, Defendant(s) continued to assert allegations of Domestic Violence as late as

July 2002, knowing that such allegations were false, defamatory and collaterally estopped,

causing such allegations to be published to others in the courtroom, including witnesses and

expert witnesses with whom Plaintiff's reputation and standing in the community is now

damaged;

131.    In the absence of one or more of the acts which alone, or in concert, show a pattern of

outrageous conduct, negotiations would have concluded in a more timely manner and the

damages set forth below would have been mitigated;

132.    Plaintiff has been personally damaged: 1) in addition to the amounts set forth in the

derivative claim above, 2) by one or more of the acts enumerated herein, which alone or in

concert show a pattern of outrageous conduct, 3) as negotiations would have concluded in a

more timely manner and the damages set forth below would have been mitigated but for the

tortuous conduct of Defendant(s), and 4) by losing income that he would have otherwise

earned, expended funds in fees and costs associated with this and related litigation, expended

funds and fees in un-reimbursed business travel to return for hearings or other case related

activities, or to extend stays for such purposes at additional cost, and furthermore, 5) Plaintiff

has suffered emotional harm and distress, and 6) Plaintiff's property has been encumbered,

its title slandered and his credit impaired;

133.    Such damages to the Husband were at all times reasonably foreseeable consequences of

defendant(s)' actions;

**COUNT VI**

**COMMON LAW: TRESPASS/CONVERSION and/or SLANDER OF TITLE**

134.   The averments set forth in paragraphs 1 - 133 are incorporated herein as if restated in their entirety;

135.   Harris PA admits that it has filed a Notice of a Lien on the real property (Stillwater) on June 13, 2002 and "recorded in OR Book 11703, PG1802 of the public records of Hillsborough County" and Amended Notice on August 21, 2002 and recorded in OR Book 11906, PG 1491;

136.   Upon information and belief, for the reasons set forth herein, Defendants, or either of them, are not entitled to that lien, and have no lawful claim for the amounts sought;

137.   Upon information and belief, in the alternative, Defendants, or either of them, are not entitled to the lien referenced in this Count, let alone in the amount that it was filed;

138.   Upon information and belief, Defendants, or each of them, knew or should have known, that the real property that they attempt or purport to levy against is and at all times pertinent hereto, homestead protected;

139.   Defendants, or each of them, knew, or should have known, that Wife's alimony is not subject to a lien as it is needed for living expenses for her and her three children, since they alleged those facts in the pleadings and throughout discovery and are now estopped from denying it;

140.   Defendants, or each of them, knew that wife negotiated the bulk of the settlement agreement on her own, with little or no assistance from defendants;

141.   Defendants, or each of them, knew or should have known that Wife was entitled to the approximate amount of the recovery that she eventually received in the MSA under the express terms of the prenuptial agreement between the parties, and the property was not

"recovered" as it was already in Wife's name and was retained by Husband, not recovered by Defendant's labors, thus no lien could attach;

142.    Upon information and belief, Defendants, or each of them, knew or should have known, (1) that the essential elements of a charging lien were not met, (2) that the amount sought is not recoverable, (3) that it includes sums that are not properly billable to Wife, and (4) that the contract underlying the lien is not authentic, but rather a back-dated copy they had Wife sign months into the litigation;

143.    Upon information and belief, Defendants, or each of them, therefore, knew or should have known, that they were not entitled to a lien on the property sought to be attached or levied;

144.    Upon information and belief,  Defendants, or each of them, knew or should have known, that Plaintiff needed to secure financing using the property encumbered as collateral in order to fulfill the terms of the MSA, and Final Order, and their acts made that more difficult, necessitating more time expended, more work time lost, more costs incurred just to get their former client money that she needed and had negotiated for herself;

145.    Because of the actions of Defendants, or each of them, as enumerated above, Wife's property and Plaintiff's property were encumbered, and to that extent converted, and/or its use or value limited beyond what it would have been but for the wrongful actions of defendant(s);

146.    Because of the actions of Defendants, or each of them, as enumerated above, Plaintiff has been harmed by not having the unencumbered use of his property, and his property, credit and reputation are therefore damaged in an amount exceeding the jurisdictional limits of this Court.

147.   Such damages are proximately caused by and reasonably foreseeable as a consequence of Defendant(s)' actions;

## COUNT VII

## COMMON LAW: ABUSE OF PROCESS

148.   The averments set forth in paragraphs 1 - 147 are incorporated herein as if restated in their entirety;

149.   Defendant(s) did recommend to Wife, and did undertake and prosecute a rehearing and appeal of the Court's dismissal of the DV case because they said Plaintiff would "use it against" Wife in the Divorce and custody issues arising thereunder;

150.   Defendant(s)' petition had been dismissed with prejudice after a full evidentiary hearing and the Court entered a judgment for the Husband on or about November 9, 2001;

151.   With full knowledge of that adjudication, Defendants did make the same assertions as were made in the dismissed action, and which were collaterally estopped for being reasserted, in an Emergency Motion that resulted in ex parte relief which took Husband's daughter from him, denied him reasonable access to her, denying Husband reasonable time and visitation with his daughter, removed Husband from his home over the Thanksgiving and Christmas holidays, and effectively prevented Husband from attending to his job for several weeks;

152.   Defendants did not present to the Judge during that *ex parte* meeting the mitigating facts of the case, as required in an *ex parte* proceeding, did not sufficiently plead for relief and made material misrepresentations of fact;

153.   Having lost on the merits, Defendant(s) then attempted to rehear the case on or about December 11, 2001, alleging "Battered Wife Syndrome" though they could not find any

witnesses to so testify, and could not meet, even on their own averments, the threshold tests

for that argument, and that attempt to deny Husband his property rights and human rights was

also denied;

154.    Defendant(s) then undertook an appeal of the judgment;

155.    Defendants knew or should have known upon reasonable investigation of the facts that

the claim was spurious;

156.    Defendant(s) knew or should have known that the Hillsborough Sheriff's Office had

investigated the alleged incident and concluded that their was no domestic violence, and that

the statute governing such injunctions provides that if the officers conclude there is any

probable cause they are to arrest the party most responsible and/or file a report stating their

conclusions, and that the officers did neither;

157.    Upon information and belief, Defendant(s) sought and could not get the helpful testimony

of supporting witnesses after interviewing them;

158.    Upon information and belief, Defendant(s) did abuse the civil judicial process for the

purpose of advancing their interest or Wife's interest in the related Divorce action;

159.    Upon information and belief, therefore, Defendant(s) had improper motives, objects or

purposes in pursuing the litigation, the rehearing and the appeal;

160.    Upon information and belief, Defendant(s) had careless disregard for the facts of the

underlying claim and pursued it for improper reasons;

161.    Upon information and belief, Defendant(s) interviewed witnesses including family

members, babysitters, investigators and others and had ample reason to doubt the viability of

the claim;

162.   Defendant(s) despite this knowledge, encouraged Wife to pursue these claims through re-hearing and appeal, telling her they were a "slam dunk," the pursuit of which inured solely to Defendant(s)' benefit, and protracted the litigation unnecessarily;

163.   Husband's reputation and standing in the community have been irreparably damaged by defendant(s) actions;

164.   Husband was denied access to his daughter for weeks at a time due to the win-at-any-cost course of conduct pursued by defendant(s), and suffered greatly emotionally, physically and financially;

165.   Husband was damaged in his financial and business interests by losing almost a month of work due to the Defendant(s)' actions;

166.   Husband's injuries were reasonably foreseeable to, and proximately caused by, Defendant(s);


## COUNT VIII

## COMMON LAW: MALICIOUS PROSECUTION/WRONGFUL MISUSE OF CIVIL PROCEEDING

167.   The averments set forth in paragraphs 1- 166 are incorporated herein as if restated in their entirety;

168.   Defendant(s) did initiate a civil action against Husband, which action sought an injunction against Husband rather than damages against Husband, and is akin to a criminal action in many respects;

169.   That proceeding, Yessin v. Yessin, 01- -14479, Division "H," Hillsborough Circuit Court, was resolved in favor of Husband;

170. Defendant(s) knew or should have known that there was insufficient probable cause to justify or support the action;

171. Defendants knew or should have known upon reasonable investigation of the facts that the claim was spurious;

172. Defendant(s) knew or should have known that the Hillsborough Sheriff's Office had investigated the alleged incident and concluded that their was no domestic violence, and that the statute governing such injunctions provides that if the officers conclude there is any probable cause they are to arrest the party most responsible and/or file a report stating their conclusions, and that the officers did neither;

173. Upon information and belief, in the alternative, Defendant(s) failed to adequately investigate such a serious claim, with such serious consequences;

174. Upon information and belief, Defendant(s) sought and could not get the helpful testimony of supporting witnesses after interviewing them;

175. Upon information and belief, Defendant(s) interviewed witnesses including family members, babysitters, investigators and others and had ample reason to doubt the validity of the claim, nonetheless, pursued it zealously without further inquiry;

176. Defendant's despite this knowledge, encouraged Wife to pursue these claims, telling her they were a "slam dunk," the pursuit of which inured solely to Defendant(s)' benefit, and protracted the litigation unnecessarily;

177. Plaintiff was denied access to his daughter for weeks at a time due to the win-at-any-cost course of conduct pursued by defendant(s), and suffered greatly emotionally, physically and financially;

178. Upon information and belief, Defendant(s) did undertake the claim for the purpose of advancing their interest or their client's interest in a related Divorce action;

179.    Upon information and belief, therefore, Defendant(s) had improper motives, objects or

purposes in pursuing the litigation claim referenced above;

180.    Upon information and belief, Defendant(s) had careless disregard for the facts of the

underlying claim and pursued it for improper reasons;

181.    Plaintiff was damaged in his financial and business interests by losing almost a month of

work due to the Defendant(s)' actions;

182.    Plaintiff's injuries were reasonably foreseeable to, and proximately caused by,

Defendant(s), and far exceed the jurisdictional limits of this Court;

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount

to be determined by the evidence, together with interest and costs, and demands as follows:


1. **On all Counts, a Trial by Jury,** and

2. On Count I treble damages, costs of the suit and attorneys' fees as set forth in 18 U.S.C.

   §1964(c), and any and all other relief to which Plaintiff may be entitled;

3. On Count II treble damages, cost of the suit, attorney's fees, an Order dissolving the

   Enterprise under 895.05(1)(c) and suspending or revoking any and all licenses to operate

   the Enterprise under 895.05(1)(d)(e) and all other legal and equitable relief to which

   Plaintiff may be entitled,

4. On Count III, any and all damages, suit money and costs, and all other legal and equitable

   relief to which Plaintiff may be entitled;

5. On Count IV any and all Compensatory and Punitive damages and all other legal and

   equitable relief to which Plaintiff may be entitled,

6.  On Count V any and all Compensatory and Punitive damages and all other legal and equitable relief to which Plaintiff may be entitled;

7.  On Count VI, any and all Compensatory and Punitive damages and all other legal and equitable relief to which Plaintiff may be entitled

8.  On Count VII any and all Compensatory and Punitive damages and all other legal and equitable relief to which Plaintiff may be entitled,

9.  On Count VII any and all Compensatory and Punitive damages and all other legal and equitable relief to which Plaintiff may be entitled;

10. Costs and fees expended herein;

11. Any and all other relief to which he may be entitled.


### VERIFICATION

I, **BRENT W. YESSIN,** do hereby verify that I have read the foregoing **Complaint** and to the best of my knowledge and belief, the information contained herein is true and correct.

**BRENT W. YESSIN, Esq.**
**P.O. Box 850**
**Odessa, FL 33556**
**Fla. Bar # 780-766**
**Respondent and Cross Claimant**

The foregoing instrument was acknowledged before me this 5th day of March, 2003, by BRENT W. YESSIN.

X Personally known
X Produced Identification
Type of identification produced
Fla Drivers Lic

My Commission expires:

NOTARY PUBLIC SIGNATURE

Gary E Williams
My Commission DD050282
Expires August 15, 2005

37

ATTACHMENT A

# AFFIDAVIT

The undersigned, Michelle Monahan Yessin, being first duly sworn, does depose and state as follows:

1. I retained Nancy Hutcheson Harris, PA ("Harris PA") to represent me in a Divorce on or about October 8, 2001;

2. I have reviewed the attached Invoices, marked as Attachment B, and they do appear to be true and correct copies of the invoices I received from Harris PA via mail on a regular basis;

3. The notations in the margin, which may be faintly noticeable, were added by Brent Yessin during his research and for purposes of calculation of the appropriateness of the invoices and should be disregarded;

4. I believe that I have received at least one additional invoice since the date of the last invoice, in which I was again billed for time my former lawyer, Harris PA, spent trying to sequester my last lump sum alimony payment, but I cannot find that invoice at this time;

5. I have also received multiple phone calls from Harris PA (both Nancy Harris and others in her office) attempting to collect the amounts reflected in the invoices;

6. In one such call, Nancy Harris refused to show up for a scheduled mediation in April at which I hoped to settle the case, unless I paid her in advance for coming, saying that I had "bought groceries" and therefore could have paid her;

7. I was told regularly by Harris PA that I would likely be responsible for the fees and costs incurred in the DV action but would likely have some or all of the fees in the Divorce "shifted" (paid by Brent) either by Order or agreement;

8. I agreed to pursue the rehearing and appeal in the DV matter after being told by Harris PA that if we did not take those actions, Brent would "use it against us;"

9. I relied completely on my attorney, who held herself out as a skilled practitioner, in making that decision, as I certainly did not want to lose custody of my daughter;

10. I do not believe that the retainer agreement that Harris PA filed with the Court was the original that I signed in October, but was a document that I was told to sign some time in 2002, and backdated at their instruction, because Harris PA had "lost" the original;

11. I instructed Harris PA throughout January until June 2002 that I did not want to try the case, and wanted desperately to settle the case;

12. In June when we agreed on the wording of a final order, Harris PA began trying to block entry of the final order until she could get a charging lien, a process that delayed the final order and made it more difficult for me to get my property distribution and alimony payments;

13. I specifically instructed her to desist and allow the Order to be entered, but she did not, though she did not withdraw from the case until after the order was entered in August.

Further, Affiant Sayeth naught.

Michelle Monahan Yessin

Subscribed and Sworn before me by _MICHELLE MONAHAN YESSIN_ known personally by me/having produced identification, this ___5th___ day of March 2003.

Notary Public Gary E Williams
My Commission DD060282
Expires August 15, 2006

My Commission Expires:

ATTACHMENT B

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle




November 20, 2001
In Reference To:Dissolution of Marriage
Invoice # 101953

          Professional services

|  |  |  | Hours |  |
|---|---|---|---|---|
| 10/8/01 | NHH | Listen to voice mail. | 0.10 | |
| | NHH | Telephone conference with client. | 0.50 | |
| | NDB | Conference with client.  Assisted client with DV Injunction process at Courthouse. | 1.30 | |
| 10/9/01 | NDB | Call from client. | 0.20 | |
| | NDB | Conference with CER and NHH. | 0.20 | NO CHARGE |
| 10/10/01 | NHH | Begin preparation of Petition. | 0.20 | |
| | NDB | Call from client. | 0.10 | |
| 10/11/01 | NDB | Draft Petition for DOM, UCCJA Affidavit, Notice of Social Security, Summons and Civil Cover Sheet.  Conference with client to review all of the above to prepare for DV hearing on 10/10/01. | 2.30 | |

Yessin, Michelle                                                    Page    2

|            |     |                                                      | Hours |
|------------|-----|------------------------------------------------------|-------|
| 10/11/01 | CER | Office conference with client and NDB regarding hearing on Domestic Violence Injunction. | 0.40 |
|            | CER | Telephone conference with client's mother regarding her testimony at domestic violence hearing. | 0.30 |
| 10/15/01 | NHH | Listen to voice mail. | 0.10 |
|            | NDB | Conference with SV. | 0.10 |
|            | NDB | Call from/to client.  Review of e-mail for client and husband. | 0.30 |
|            | SV  | Call from client regarding financials, concerns. | 0.20 |
| 10/16/01 | NHH | Give directions to CER regarding visitation at daycare before DVI served on husband. | 0.20 |
|            | NDB | Review of voice mail from client. Instructions to SV.  Call to client.  Left message regarding service of DV injunction. | 0.30 |
|            | CER | Telephone conference with client regardinghearing on DVI.  Review of e-mail from husband regarding visitation. | 0.40 |
|            | CER | Office conference with NHH regarding strategy for DV hearing and background information on client. | 0.30 |
|            | SV  | Meeting with client regarding production; Memo to file; Memo to attorneys; Conference with attorneys regarding same. | 1.00 |

Yessin, Michele                                                    Page    3

|            |     |                                                    | Hours |
|------------|-----|----------------------------------------------------|-------|
| 10/16/01   | SV  | Preparation of Notice of Service of Interrogatories; Preparation of Request for Production of documents. | 0.60 |
| 10/17/01   | NDB | Conference with SV.   Instructions regarding service. | 0.10 |
|            | CER | Prepare for office conference with client.   Office conference with client regarding on DVI. | 2.00 |
|            | CER | Telephone conference with client regarding husband's request for visitation. | 0.10 |
|            | CER | Continued research on same issue. | 0.30 |
|            | CER | Prepare for hearing on DVI. | 1.00 |
|            | SV  | Call to process server; Conference with process server; Preparation of documents for service. | 0.20 |
| 10/18/01   | NDB | Conference with NHH and SV. | 0.20 |
|            | NDB | Review of e-mail and voice mails from client. | 0.20 |
|            | CER | Edit questions for DVI hearing. Telephone conference with client regarding service upon husband. | 0.30 |
|            | CER | Review Police Report from Sarasota's Sherriff's office. | 0.10 |
|            | CER | Telephone conference with client regarding service upon husband for DVI hearing. | 0.20 |

Yessin, Michelle                                                    Page    4

                                                                   Hours

10/18/01 SV   Call from process server;                            0.20
              Conference with attorneys
  ρ✓          regarding same.

10/19/01 CER  Attendance at hearing on Petition                    0.80
              for DVI and post hearing
  ᴏ ᵛ         discussions with client.

  ᴏ ᵛ    SV   Ordered court reporter.                              0.10

10/22/01 CER  Telephone conference with client                     0.20
              regarding husband's Acceptance of
  ᴏᵛ          Service.

        NHH   Send directions regarding service                    0.10
              of Petition.

10/23/01 CER  Telephone conference with client                     0.80
              regarding service of DVI on
  ᴩᵛ          husband.  Office conference with
              NHH ergarding drafting of Motion
              to Inspect.  Review correspondence
              and Amended Order.  Call office of
              Judge Myers regarding mistake on
              Amended Order.

        CER   Telephone conference with client                     0.30
              regarding Amended DVI Order.
  ᴩ✓          Telephone conference with office
              of Judge Myers regarding Amended
              DVI Order.

        CER   Left message for client to call me.    0.10 NO CHARGE

        NHH   Telephone Alley.  Send e-mail                        0.30
              regarding Stahl.  Given directions
              on Stipulation for Stahl.

10/24/01 CER  Outline and instruct legal                           0.20
              assistant regarding service of
  ᴨ✓          Petition for Dissolution of
              Marriage on Ray Alley and prepare
              for DVI hearing.

Yessin, Michelle                                          Page    5

                                                    Hours

10/24/01 CER Telephone conference with client             0.20
             regarding concerns over possession
             of marital home.

10/25/01 CER Office conference with NHH                    1.30
             regarding strategy for DVI
             hearing.  Offrice conference with
             legal assistant regarding service
             of Petition for Dissolution on
             husband.  Telephone conference
             with client regarding DVI issues
             and scheduling visitation with
             husband.  Review mediated report.

         CER Leave message with Dr. Locicero's            0.10
             office regarding medical records.

         CER Leave message for Deputy Robert    .         0.10
             Williams from HCSO regarding DVI.

         CER Leave message with office of Ray             0.10 NO CHARGE
             Alley.

         CER Office conference with NHH                    0.40
             regarding strategy for DVI
             hearing.  Telephone conference
             with office of Dr. Locicero
             regarding her attendance at DVI
             hearing.

         CER Telephone conference with Don                1.20
             Gilbert regarding DVI hearing.
             Draft and edit Motion to
             Modify/Amend Temporary Injunction
             for Protection to allow visitation
             with father.

         NHH Review of doctor's report faxed by           0.50
             doctor.  Conference with CER.

Yessin, Michelle                                                    Page    6

                                                                    Hours

10/25/01 NHH Give direction on modifying DVI.            0.20

         NHH Revise Motion to Modify DVI.                0.40

         BP  Call opposing counsel confirming           0.40
             acceptance of service.  Prepare
             notice.  Order court reporter for
             11.2.01 hearing.

         SV  Call from client; E-mail to                0.20
             attorneys regarding issues.

         SV  Call to process server regarding           0.10
             petition and Husband's new counsel.

10/26/01 CER Edit Motion to Modify DVI.                  1.00
             Telephone conference with client
             regarding temporary visitation
             schedule.  Outline and instruction
             legal assistant regarding issuance
             of Subpoena to Dr. Karon Lacicero.
             Edit Subpoena for DVI hearing.

         BP  Prepare subpoena - Dr. Locicero.           0.20
             Call DLeggett for service.

10/29/01 CER Office conference with NHH                  2.40
             regarding DV issues.  Research
             wiretaping statute.  Office
             conference with client regarding
             preparation for domestic violence
             hearing.

         NHH Telephone Stahl.                           0.30

         NHH Telephone client.  Give directions         0.50
             to CER.

10/31/01 CER Telephone conference with client           0.20
             regarding husband's possible
             violation of temporary DVI Order.

Yessin, Michelle                                             Page    7

|  |  | Hours |
|---|---|---|
| 10/31/01 SV | Scheduled temp relief hearing;<br>Preparation of Notice of Hearing. | 0.30 |
| 11/1/01 NDB | Review of pleadings faxed by Don<br>Gilbert.  Conference with client. | 0.40 |
| 11/18/01 NHH | Telephone conference with client. | 0.40 |
| 11/22/01 NHH | Send directions regarding service<br>of petition. | 0.10 |

|  |  | Amount |
|---|---|---|
| For professional services rendered | 27.90 | $5,071.00 |
| Additional charges: | | |
| 11/5/01 Postage | | 3.44 |
| Fax charge | | 6.00 |
| Copy | | 34.25 |
| 10/11/01 Check #3529 to Clerk of Court, filing fee. | | 272.50 |
| 11/8/01 Check #3606 to Don Leggett for service of<br>Subpoena on Dr. Karen LocCicero. | | 22.00 |
| Total costs | | $338.19 |
| Total amount of this bill | | $5,409.19 |
| 11/8/01 Client payment from trust | | ($4,000.00) |
| Balance due | | $1,409.19 |

Yessin, Michelle                                                    Page    8

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

|  |  | Amount |  |
|---|---|---|---|
|  | Previous balance of Client funds | $0.00 | 0,5 |
| 10/12/01 | Client payment to trust | $2,000.00 | ♠ |
| 10/13/01 | Client payment to trust | $3,000.00 | ♠ |
| 10/25/01 | Check to Berryhill & Associates for cancelation of hearing without notice. | ($25.00) | ᴄ |
| 10/26/01 | Check #1599 to Berryhill & Associates for hearing on November 2, 2001. | ($50.00) | ᴏ |
| 11/1/01 | Check to Dr. K. Locicero, witness fee. | ($350.00) | ᴏ` |
| 11/1/01 | Check 1604 to Donald Legget for service of Subpoena upon Dr. Locicero. | ($44.00) | ᴏ✓ |
| 11/8/01 | Client payment from trust | ($4,000.00) | ᴏ✓ |
|  | New balance of Client funds | $531.00 |  |

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle




January 2, 2002
In Reference To:Dissolution of Marriage
Invoice #102021

     Professional services

|  |  | Hours |
|---|---|---|
| 11/5/01 CER Review of Emergency Motion for Visitation.  Telephone conference with client regarding need for temporary support. | | 0.40 |
| CER Office conference with NHH regarding filing of Response to Husband's Emergency Motion for Visitation, alimony issues. Telephone conference with client regarding her concerns for DVI. | | 0.60 |
| NHH Office conference with CER | | 0.90 NO CHARGE |
| NHH Office conference with CR. | | 0.20 NO CHARGE |
| 11/6/01 NHH Telephone Alley. | | 0.30 |
| 11/7/01 NHH Telephone client. | | 0.50 |

Yessin, Michelle                                           Page   2

|  |  |  | Hours |  |
|---|---|---|---|---|
| 11/8/01 | SV | Work on discovery. | 0.80 | |
| 11/12/01 | CER | Telephone conference with client regarding visitation schedule. | 0.30 | |
| | SV | Prepared exhibit. | 0.20 | |
| 11/13/01 | CER | Telephone conference with client regarding visitation schedule. | 0.20 | |
| | CER | Telephone conference with Don Gilbert regarding a proposed visitation schedule. | 0.20 | |
| | SV | Meeting with client. | 0.20 | |
| | NHH | Conference with SV. | 0.20 | |
| | SV | Office conference with CER. | 0.70 | NO CHARGE |
| 11/14/01 | CER | Telephone conference with client regarding proposed visitation schedule.  Draft and revise to Don Gilbert regarding temporary visitation. | 0.60 | |
| | CER | Telephone conference with Ken Mondavi from SouthTrust regarding mortgage documents. | 0.10 | |
| | SV | Work on discovery for accountant. | 1.20 | |
| | SV | Preparation of letter. | 0.20 | |
| 11/15/01 | SV | Preparation of Motion for Evaluator to Determine Visitation. | 0.50 | |
| 11/16/01 | CER | Review status of mandatory disclosure.  Telephone conference with Kirsten at Briggs regarding status of client's Financial Affidavit and income summary. | 0.70 | |

Yessin, Michelle                                             Page    3

                                                        __Hours__

          Review of proposed visitation
          schedule from Ray Alley.
          Telephone conference with client
          regarding visitation schedule.

11/16/01 CER Office conference with NHH              0.30
          regarding visitation schedule.

      CER Listen to voice mail from Ray             0.10
          Alley returning my call.

      CER Office conference with client and         0.40
          NHH regarding strategy for custody
          evaluation.

      NHH Conference with client.                   1.50

11/19/01 CER Office conference with client.         5.90
          Revise Motion for Rehearing.
          Revise Emergency Motion for     $\mathcal{D}\vee$
          Visitation.  Telephone conference
          regarding incident over weekend.
          Telephone conference with possible
          witness regarding incident.

      BP  Schedule 12.4.01 mediation.  Call         1.50
          mediator, client to schedule and
          confirm.
          Schedule Husband's 12.7.01
          deposition.  Prepare notices.
          Prepare notice of 12.11.01 hearing.

      SV  Assistance to attorneys regarding         0.30
          emergency motions.

      NHH Preparation Motion for Appt. of           1.60
          Custodial Evaluator.  Prepare
          Motion for Rehearing and revise.   $\mathcal{g}\vee$
          Review other e-mails and
          information for DVI.

Yessin, Michelle                                                      Page    4

                                                              Hours

11/20/01 CER Office conference with NHH              0.30
             regarding emergency hearing and
             witnessses for client.  Review
             file and prepare witness list.

         CER Revise Motion for Custodial             0.50
             Evaluator.  Office conference with
             legal assistant regarding
             scheduling of Motions.

         CER Telephone conference with client        0.20
             regarding Order on Visitation.

         CER Telephone conference with client        0.20
             regarding exchange of daughter at
             Ray Alley's office.

         NHH Review and revise Motion for            1.90
             Rehearing.  Dictate Motion for
             Exclusive Use and Possession.
             Revise Motion for Custodial
             Evaluation.  Review husband's
             pleadings.

         NHH Telephone conference with client.       0.50

11/21/01 SV  Assistance to attorney regarding        0.10
             correspondence to Alley.

11/26/01 CER Office conference with NHH              0.50
             regarding concerns on visitation.
             Telephone conference with client
             regarding visitation problems.
             Outline and instruct legal
             assistant regarding letter to Ray
             Alley discussing visitation
             concerns.

Yessin, Michelle                                                    Page    5

                                                          Hours

11/26/01 CER Review of correspondence from          0.70
             husband.  Telephone conference
             with Florida Bar regarding
             husband's reporting of CLER.
             Telephone conference with client
             regarding husband's correspondence
             to us and ppointment with Carra.

11/27/01 CER Office conference with legal           0.30
             assistant regarding scheduling of
             depo of husband.  Review of
             pleadings.

11/28/01 CER Telephone conference with Florida      0.40
             Bar regarding husband's CLER.
             Telephone conference with Glen
             Spears regarding SouthTrust
             mortgage.

         CER Office conference with NHH             0.30
             regarding acquisition of loan
             documentation.  Telephone
             conference with Glen Spears
             regarding SouthTrust mortgage.

         CER Office conference with legal           0.20
             assistant regarding scheduling
             depo of husband and girlfriend.

         NHH Office conference with CER.            0.40 NO CHARGE

11/29/01 CER Listen to voice mail from Marc Ito     0.10
             of Florida Bar returning call.

         CER Telephone conference with client       0.20
             regarding the visitation schedule
             and acquiring records from husband.

11/30/01 CER Listen to voice mail from Mark Ito     0.10
             of Florida Bar retruning my call.

Yessin, Michelle                                          Page    6

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 27.50 | $4,740.50 |
| | Additional charges: | 25.3 | |
| 12/7/01 | Copy | | 64.00 |
| | Fax charge | | 26.50 |
| | Postage | | 10.24 |
| 12/6/01 | Check #3671 to Cust.of Records/SouthTrust Bank, witness fee. | | 6.50 |
| | Total costs | | $107.24 |
| | Interest on overdue balance | | $29.88 |
| | Total amount of this bill | | $4,877.62 |
| | Previous balance | | $1,409.19 |
| | Balance due | | $6,286.81 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

| | | |
|---|---|---|
| | Previous balance of Client funds | $531.00 |
| 12/6/01 | Check 1615 for Inv. #114266 to Berryhill & Associates, for transcript of 11/9/01 hearing before Judge Meyers. | ($238.50) |
| 12/10/01 | Check #1617 to Donald Leggett. | ($22.00) |
| | New balance of Client funds | $270.50 |

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544


January 17, 2002
In Reference To:Dissolution of Marriage
Invoice #102099

     Professional services

|  | Hours |
|---|---|
| 12/2/01 NHH Review and respond to several e-mails from client. | 0.30 |
| 12/3/01 CER Telephone conference with Michelle at Florida Bar regarding husband's status in CLER.  Office conference with NHH regarding drafting responses to husband's motions and compliance with Mandatory Disclosure.  Research rules for temporary relief hearing regarding mandatory disclosure. | 0.70 |
| CER Telephone conference regarding availability of BWS evaluation. | 0.20 |
| CER Review husband's response to wife's motions, husband's motion to set aside ex-parte order.  Research entitlement under Section 61 for DVI to attorney's fees proceedings. | 1.20 |

Yessin, Michelle                                                    Page    2

                                                          Hours

12/3/01 SV  Conference with attorney              0.10
            regarding Wife's discovery.

12/4/01 NHH Preparation for mediation.            3.00
            Attendance at mediation/impasse.            *DID NOT NOTICE*
            Trial preparation conference with
            Kristen and client.

        NHH Preparation for Mediation.            1.40
            Telephone Stahl/Dimeo.

        NHH Attendance at mediation. Husband      2.00
            is no show.  Conference with
            Dimeo and Catlin to prepare for
            temporary relief hearing.

        SV  Call to accountant; Call to           0.20
            client regarding discovery
            deadline.

        SV  Preparation of Trial/ Mediation       2.50
            notebook.

        SV  Preparation of Notice of Filing       0.20
            Financial Affidavit.

        SV  Conference with NHH and Kristin       0.30
            re: Southtrust documents needed;
            Call to opposing regarding
            scheduling depo; Return call from
            opposing.

12/5/01 NHH Review and revise Motion and          0.90
            Response.

        NHH Brief conference with client.         1.60
            Conference regarding preparation
            and testimony for hearing.

        NHH Give directions on discovery          2.60
            needed and subpoena.  Research on
            Motion to Vacate.

Yessin, Michelle                                                    Page   3

|        |     |                                                      | Hours |
|--------|-----|------------------------------------------------------|-------|
| 12/5/01 | CER | Edit Response to Motion for Continuance.  Summarize notes for hearing. | 1.20 |
|        | CER | Review of child support guidelines from Stahl Consulting. | 0.20 |
|        | SV  | Preparation of Interrogatories.                      | 0.80  |
|        | SV  | Preparation of 3rd party subpoena and Notice of Taking Deposition Duces Tecum to South Trust and Merrill Lynch; Call to accountant. | 1.00 |
|        | SV  | Calls to legal department, Merrill Lynch.            | 0.20  |
|        | SV  | Conference with client regarding interrogatories.   | 0.20  |
|        | SV  | Changes to Interrogatories; Preparation of Notice of Service of Answers to Interrogatories.. | 0.50 |
|        | SV  | Preparation of Response to Request to Produce and Certificate of Compliance with Mandatory Disclosure; Assistance to attorney regarding Response to Motion to Continue. | 0.60 |
|        | SV  | Call to client regarding witness' testimony and subpoena; E-mail to CR. | 0.10 |
|        | SV  | Changes to Notice of Taking Deposition and subpoena. | 0.20 |
|        | NHH | Review and revise Response to Husband's Motion for Continuance. | 0.30 |

Yessin, Michelle                                        Page    4

                                                        Hours

12/6/01 CER Office conference with NHH             5.20
            regarding strategy for hearings
            and drafting Response to Motion
            to Set Aside/Vacate.  Telephone
            conference with client X 2
            regarding appointment with Linda      𝒟 ∨
            Peterman and Dr. Carra.
            Telephone with Dr.
            Carra's office regarding client's
            appointment.  Review of Husband's
            Motion to Set Aside/Vacate Ex
            Parte Order.  Research of issue
            of grounds to prevail on Motion
            for Relief.  Draft and edit
            Response to Husband's Motion to
            Set Aside.

        SV  Call to process server; Call to     0.10
            court reporter.

12/10/01 NHH Telephone client.  Review and
            revise our response to H's Motion
            to Vacate.  Prepare for hearing.
            Telephone X 4 Glen Spears after
            reviewing details of loan
            documents.  Review and revise
            Subpoenas for Fee documents.
            Telephone Stahl.

        CER Office conference with NHH            6.70
            regarding preparation for hearing
            on Motion to Vacate and Set
            Aside.  Edit Response to
            husband's Motion to Set Aside.
            Research issue of Court's
            discretion regarding issuance of
            ex parte Order on emergency
            motions.  Telephone conference
            with client X 2.  Office
            conference with C. Cavallo

Yessin, Michelle                                                    Page    5

                                                                   Hours
                                                                   ̄ ̄ ̄ ̄ ̄

                  regarding her testimony at
                  hearing on Husband's Motion for
                  Child Access.  Telephone
                  conference with witness.

12/10/01 NHH  Review and revise Wife's Response        0.70
              to Husband's Motion to Vacate.

         BP   Schedule 2.12.02 deposition - B.         0.50
              Yessin.  Call client, opposing
              counsel, Mills Reporting to
              schedule and confirm.  Prepare
              notices.

         SV   Prep work for attorney regarding         0.50
              hearing; Research regarding Rule
              12.285.

         SV   Preparation of Notice of Taking          0.60
              Deposition DT of Ray Alley;
              Preparation of subpoena;
              Preparation of Notice to Produce
              at Trial; Call to Alley's office.

         SV   Prep work for attorney regarding         1.00
              temporary relief hearing; Call to
              mediator regarding Notice of
              Impasse; Call to clerk regarding
              Husband's motion regarding
              visitation.

12/11/01 CER  Office conference with NHH and·          7.30
              legal assistant regarding
              preparation for hearing on Motion
              to Vacate/Set Aside Temporary
              Relief Order.  Research issues.
              Telephone conference with client
              and C. Cavallo regarding
              preparation for hearing on Motion
              for Child Access.  Office
              conference with client regarding
              preparation for hearing on
              various Motions.  Attend hearing

Yessin, Michelle                                                    Page    6

                                                         Hours
                                                         ─────

            on Motion to Vacate and Motion
            for Rehearing.  Post hearing
            discussions with client and NHH.
            (No charge of 2.5)

12/11/01 NHH  Preparation for hearing on Motion      1.00
            to Vacate and Husband's Motion
            for Child Access.

        NHH  Review and revise Motion               0.30
            Compelling Husband's Discovery.

        NHH  Preparation for hearing.               2.00
            Conference with client.
            Attendance at hearing on Motion
            to Vacate.

        NHH  Research for hearing (Motion by        0.60
            Husband).

        SV   Updated notebook; Prep work for        1.00
            hearing; Call to process server.

        SV   Preparation of Motion to Compel;       0.80
            Calls to clerk regarding
            Husband's Motion for Access.

        SV   Call from accountant; Work on          0.30
            Notice of Intent to Use Summaries.

        SV   Calls to Merrill Lynch; Return         0.80
            call from Clerk's office
            regarding Motion; Changes to 3rd
            party request and subpoena; Calls
            to Southtrust Bank.

        SV   Return call from southtrust bank;      0.50
            Conference with attorney
            regarding same; Filed and served
            Notice of Intent to Use
            Summaries; Changes to Motion to
            Compel.

Yessin, Michelle                                                    Page    7

|            |     |                                                                                                                                                                                                             | Hours |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 12/11/01   | SV  | Meeting with witness.                                                                                                                                                                                                        | 0.50  |
| 12/12/01   | CER | Office conference with NHH regarding preparation for hearing on Motion for Temporary Relief. Research issues of Notice required for temporary relief issues.                                                                    | 1.60  |
|            | NHH | Preparation for hearing on temporary relief and husband's Motion for Continuance. Telephone client, Stahl and possible witness.                                                                                                | 2.80  |
|            | NHH | Review summaries.  Telephone Stahl.                                                                                                                                                                                          | 0.70  |
|            | SV  | Conference with NHH and client; Call to judicial assistant.                                                                                                                                                                  | 0.20  |
|            | SV  | Additions to Fee Affidavit.                                                                                                                                                                                                  | 0.20  |
|            | SV  | Addition of NHH billing to Fee Affidavit; Completed Fee Affidavit.                                                                                                                                                           | 1.00  |
|            | SV  | Filed and served Motion to Compel.                                                                                                                                                                                           | 0.10  |
|            | SV  | Preparation of correspondence to opposing; Call to courier; Call to opposing; Forwarded Affidavit.                                                                                                                            | 0.50  |
| 12/13/01   | CER | Office conference with NHH regarding hearing on wife's Motion to Compel and Request for Sanctions.  Preparation for hearing on Motion to Compel. Office conference with client regarding hearing on temporary support/attorney's fees. | 2.50  |

Yessin, Michelle                                                    Page    8

                                                                   Hours

12/13/01 CER  Attendance at temporary relief          1.50
              hearing with client and NHH.
              Post hearing discussions with NHH
              and client.

         NHH  Prepare and review exhibits, case       1.20
              law for hearing.

         NHH  Attendance at hearing on                1.80
              Husband's Motion for Continuance
              and wife's prayer for temporary
              relief.   Post hearing conference.

         BP   Copy case law for 12.13.01              0.40
              hearing.

         SV   Preparation of correspondence to        0.50
              opposing; Prep work for hearing
              on temporary relief.

         SV   Call to accountant; Prep work for       0.50
              hearing.

         SV   Call to accountant regarding            0.20
              moving up hearing; Preparation of
              Amended Notice of Hearing.

         SV   Prep work for attorney regarding        1.00
              hearing; Work on exhibits.

         SV   Conference with NHH regarding 3rd       0.20
              party subpoenas; Call to opposing
              (left message).

12/14/01 CER  Office conference with NHH              0.20
              regarding husband's compliance
              with mandatory disclosure for
              temporary hearing.

         NHH  Review correspondence from Real.        1.00
              Dictate detailed Response after
              telephone conference with client.

Yessin, Michelle                                                    Page    9

                                                            Hours

12/14/01 SV  Return call from Linda Peterman.        0.10          𝒪∨

         SV  Call to opposing regarding              0.20
             scheduling; Call to Kristin at
             Brigg Stahl's re: Burke Group
             subsidiaries.

         SV  Preparation of correspondence for       0.20
             attorney signature.

12/17/01 CER Research issue of requirement for       0.30
             mandatory disclosure in temporary
             support hearings.

         NHH Review e-mail and respond.              0.20

         SV  Preparation of correspondence to        0.20
             opposing for attorney signature.

         SV  Call from opposing regarding            0.10
             scheduling.

12/18/01 CER Review of e-mails from client.          0.50
             Office conference with legal
             assistant regarding filing of
             Motion to Compel.  Telephone
             conference with client regarding
             her appointment with Carra.
             Office conference with NHH
             regarding scheduling witness with
             Dr. Carra.

         CER Office conference with NHH               0.70
             regarding client's meeting with
             Dr. Carra and availibility of
             witnesses regarding primary
             custody.  Office conference with
             legal assistant regarding
             drafting of Subpoena for Dr.
             Carra for temporary relief
             hearing.  Telephone conference
             with client X 2 regarding her
             appointment with Carra.

Yessin, Michelle                                                    Page   10

                                                         Hours

12/18/01 CER Listen to voice mail from witness.          0.10          ?

         CER Telephone conference with office            0.20
             of Dr. Carra regarding scheduling
             of Judith Cleveland an interview.

         CER Summarize audiotape recordings of           1.20          *
             husband's saved voicemails.

         BP  Prepare subpoena for 1.4.02                 0.10
             hearing - Dr. Carra.  Call
             DLeggett for service.

         SV  Call from client; Research to               0.20
             e-mails from Michelle regarding
             visitation issue; Return call to
             client regarding pickup of minor
             child.

         SV  Call from court reporter                    0.20
             regarding transcript, names and
             spellings; Research to file;
             Return call to court reporter.

12/19/01 CER Office conference with NHH                  0.40
             regarding summary of husband's
             voicemail messages and making
             audiotape for Dr. Carra's review.
             Telephone conference with client
             regarding her appointment with
             Dr. Carra.

         SV  Call to opposing regarding party            0.10
             depositions; Receipt of voicemail
             from opposing.

         SV  Call to Bay Area Reporting; Call            0.30
             to opposing; Preparation of
             Notice of Taking Deposition;
             Return call from Bay Area
             regarding videographer.

Yessin, Michelle                                                    Page   11

|            |     |                                                                                                                              | Hours |     |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------|-------|-----|
| 12/20/01   | NHH | Conference with client.                                                                                                       | 1.70  |     |
|            | CER | Telephone conference regarding witness.  Office conference with NHH and client.  (No charge of .5)                            | 0.80  |     |
|            | CER | Review of client's e-mails regarding holiday visitation schedule.  Telephone conference with client regarding her meeting with Dr. Carra and hearing on temporary relief issues. | 0.50  |     |
| 12/21/01   | CER | Telephone conference with client regarding husband'[s defiance of court order regarding girlfriend staying in the marital home. | 0.20  |     |
|            | SV  | Preparation of subpoena to Linda Peterman; Call to process server.                                                            | 0.20  |     |
|            | SV  | Work with Husband's disclosure to accountant; Preparation of correspondence to accountant.                                    | 1.00  |     |

|                                        |       | Amount      |
|----------------------------------------|-------|-------------|
| For professional services rendered     | 80.70 | $15,052.50  |

Additional charges:

| 1/7/02 | Fax charge |        |
|--------|------------|--------|
|        | Fax charge | 20.00  |
|        | Copy       | 227.25 |
|        | Postage    | 10.08  |

| Total costs                    | $257.33     |
|--------------------------------|-------------|
| Interest on overdue balance    | $10.42      |
| Total amount of this bill      | $15,320.25  |

Yessin, Michelle                                             Page   12

|                      | Amount |
|----------------------|--------|
| Previous balance     | $6,286.81 |
| Balance due          | $21,607.06 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

| | Amount |
|---|---|
| Previous balance of Client funds | $270.50 |
| 1/8/02 Check #1627 to Berryhill & Associates for Inv. #114978. | ($25.00) |
| 1/8/02 Check #1625 to Donald Leggett, process server, Inv. #576. | ($44.00) |
| 1/8/02 Check #1628 to Choice Express for hand delivery to Catherine Real on 12/13/01. | ($16.00) |
| 1/8/02 Check #1626 to Berryhill & Associates for Inv. # 115153. | ($185.00) |
| New balance of Client funds | $0.50 |

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544


February 20, 2002
In Reference To:Dissolution of Marriage
Invoice # 102179

    Professional services

| | | Hours |
|---|---|---|
| 1/2/02 CER | Office conference with NHH regarding filing of Motion for Protective Order. Draft and revise Motion for Protective Order. Outline and instruct legal assistant regarding filing of Motion. | 1.20 |
| CER | Telephone conference with possible witness. | 0.20 |
| CER | Office conference with NHH and legal assistant regarding scheduling of temporary mediation. Telephone conference with Linda Peterman. | 0.30 |
| NHH | Prepare for husband's depo. | 0.80 |
| NHH | Telephone client. | 0.30 |

Yessin, Michelle                                              Page    2

|          |     |                                                              | Hours |
|----------|-----|--------------------------------------------------------------|-------|
| 1/2/02   | NHH | Take husband's depo.                                         | 1.20  |
|          | NHH | Conference with client before deposition.                   | 0.40  |
|          | NHH | Attendance at client's depo. Brief conference with client after depo. | 1.60  |
|          | SV  | Prep work for attorney re: depositions; Call to client; Research to file re: Motion for Protective Order; Return call to witness; Calls to Bay Area. | 0.70  |
|          | SV  | Call to Berryhill regarding rehearing transcript.           | 0.10  |
|          | SV  | Work on discovery, Burke Group documents.                   | 1.00  |
|          | SV  | Call from opposing regarding hearing on Motion to Continue. | 0.10  |
|          | SV  | Call to opposing regarding scheduling mediation.            | 0.10  |
| 1/3/02   | CER | Office conference with NHH regarding research on exclusive use and possession fo marital home for special purposes.  Research special purpose. | 1.50  |
|          | CER | Office conference with NHH regarding preparation for temporary support hearing.  Review husband's deposition in preparation for temporary hearing. | 0.50  |
|          | NHH | Telephone possible witness.                                 | 0.60  |

*(handwritten notations in right margin):* 1  1.5 h ; depo- ; 2, late ; .4 prep ?

Yessin, Michelle                                                    Page   3

|  |  |  | Hours |
|---|---|---|---|
| 1/3/02 | NHH | Telephone Peterson. | 0.80 |
|  | NHH | Telephone client. | 0.20 |
|  | NHH | Telephone Stahl. | 0.40 |
|  | NHH | Afternoon conference with client to go over depo and preparation for hearing. | 1.20 |
|  | SV | Research to file; Call to judicial assistant; Call to client. | 0.30 |
|  | SV | Research to file regarding proposed Order; Prep work regarding exhibits for hearing on 4th. | 0.50 |
|  | SV | Call from client; Call to Mills Reporting; Return call to client. | 0.20 |
|  | SV | Ordered court reporter; Prep work with client regarding hearing. | 0.20 |
| 1/4/02 | CER | Office conference with NHH regarding research in preparation for temporary support custody hearing.  Research issues on temporary exclusive use and possession of marital home, admissibility of errata sheeets and qualifications for expert testimony.  Assisted NHH and client with temporary support hearing. | 7.00 |
|  | BP | Copy and highlight case law for 1.4.02 hearing. | 1.00 |
|  | SV | Update notebook; Prep work for hearing. | 1.50 |

Yessin, Michelle                                                    Page    4

                                                          Hours

1/4/02 SV   Prep work for hearing regarding              1.00
            exhibits.

       SV   Draft Affidavit of Barbara                   0.20
            Prichett.

                                                                    *who is*
                                                                    *Barb Prichett*

       SV   Prep work for attorney regarding             0.50
            hearing; Standby at courthouse for
            possible testimony.

       NHH  Preparation for hearing on all               3.20
            temporary issues and Husband's
            Motion for Continuance.  Telephone
            Peterman, Telephone Carra's office
            regarding timing of court
            appearance  Telephone Stahl.
            Conference with client.  Revision
            of Affidavit of Barbara Pritchett
            regarding Real's allegations of
            not knowing about mediation.

       NHH  Attendance at hearing.  Post                  4.20
            hearing conference with client.
            and post hearing conference with
            Real regarding visitation
            transportation.

1/6/02 NHH  Review several e-mails and reply.            0.40

1/7/02 CER  Review of e-mails from client.               0.20
            Outline and instruct legal
            assistant regarding acquisition of
            transcript on Motion for hearing.

       SV   Call to Berryhill regarding                  0.10
            transcript from Motion for
            Rehearing.

       SV   Preparation of enclosure letter to           0.20
            Judge Levens.

Yessin, Michelle                                        Page    5

|          |     |                                                        | Hours |
|----------|-----|--------------------------------------------------------|-------|
| 1/7/02   | SV  | Changes  and additions to correspondence to judge.     | 0.20  |
|          | SV  | Call from client; Call to judicial assistant.          | 0.10  |
|          | NHH | Review e-mails.  Research recent caselaw on prenuptial agreements/validity.  Telephone client.  Telephone witness. | 1.80  |
|          | NHH | Review correspondence and summary by wife.  Dictate leter to Judge Levens and Motion to Strike. | 0.60  |
| 1/9/02   | SV  | Changes to Motion to Strike;                           | 0.50  |
| 1/10/02  | CER | Review of Order on Temporary Support and Exclusive Use. Telephone conference with client regarding her concerns over visitation and exchange with husband. | 0.40  |
|          | SV  | Call from client; Conference with NHH regarding same.  | 0.10  |
|          | NHH | Listen to voice mail.  Telephone client.               | 0.70  |
|          | NHH | Dictate letter to Real regarding visitation.  Telephone Stahl. Review correspondence. | 0.60  |
| 1/14/02  | SV  | Call from opposing regarding hearing on Motion for Leave to Amend. | 0.10  |
|          | SV  | Status conference meeting with attorneys.              | 0.20  |

*Pre Nupt.* (handwritten annotation)

Yessin, Michelle                                              Page    6

                                                        Hours

1/15/02 CER  Office conference with client              0.50
             regarding husband's voice mails to
             wife regarding visitation
             schedule.   Review of e-mails.

        NHH  Brief conference with client and           1.00
             listen to voice mail.   Review
             e-mail.   Telephone client in
             response.

        SV   Call from client regarding                 0.10
             promissory note.

        NHH  Review client's e-mails and                1.10
             telephone client.   Draft Order.

1/16/02 NHH  Continue work on temporary relief          0.40
             Order.

1/17/02 SV   Call to judicial assistant                 0.10
             regarding exhibits entered at
             1/4/02 hearing.

        SV   Research at clerk's office                 1.00
             regarding exhibits; Call to court
             reporter regarding exhibits.

        SV   Call to clerk regarding exhibits;          0.20
             Return call to court reporter
             regarding hearing transcript.

        SV   Assistance to attorney regarding           1.00
             Orders; Preparation of judge's
             letter.

        NHH  Complete Order on Temporary Relief         2.20
             and fees.   Dictate letter to
             Judge.   Review Stahl
             correspondence.

Yessin, Michelle                                                    Page    7

|                                                       | Hours |          |
|-------------------------------------------------------|-------|----------|
| 1/25/02 NHH Review several e-mails and send detailed response. Determine status of Order. | 0.60  |          |
| 1/31/02 SV  Call from opposing; E-mail to NHH regarding hearing times. | 0.10  |          |
|                                                       |       | Amount   |
| For professional services rendered                    | 47.50 | $9,777.50 |
| Additional charges:                                   |       |          |
| 1/30/02                                               |       | 2.50     |
|     Copy                          |       | 119.75   |
| 2/1/02  Postage                                       |       | 13.07    |
| Total costs                                           |       | $135.32  |
| Interest on overdue balance                           |       | $397.47  |
| Total amount of this bill                             |       | $10,310.29 |
| Previous balance                                      |       | $21,607.06 |
| Balance due                                           |       | $31,917.35 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Previous balance of Client funds                          $0.50

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544



March 7, 2002
In Reference To:Dissolution of Marriage
Invoice #102254

           Professional services

|  |  |  | Hours |
|---|---|---|---|
| 2/4/02 | NHH | Telephone client.  Dictate letter to husband. | 0.60 |
| 2/6/02 | NHH | Dictate letter to Real.  Telephone client. | 0.40 |
| 2/7/02 | NHH | Telephone client.  Review e-mail from husband.  Listen to voice mail. | 0.60 |
|  | SV | Return call to Linda Peterman; E-mail to NHH regarding same. | 0.10 |
| 2/8/02 | NHH | Telephone client.  Dictate letter to Real in response to husband's proposal. | 0.80 |
|  | NHH | Give directions to staff regarding written contract only with husband. | 0.20 |

*Reform  1*

*Notice*

*Resp.*

Yessin, Michelle                                             Page    2

                                                              Hours

2/11/02 NHH  Review husband's e-mail and              0.60
             proposals.  Reply.  Give                              Rcap.
             directions regarding response.

        NHH  Review and revise Subpoena to            0.20
             Merrill Lynch.

        SV   Work regarding 3rd party                 0.30
             production requests; Call to
             opposing regarding depos.

        SV   Return call from opposing                0.20
             regarding canceling depos;
             Preparation of Notice of
             Cancellation.

        SV   Preparation of 3rd party subpoena        0.50
             to Merrill Lynch.

2/12/02 SV   Conference with NHH regarding 3rd        0.50
             party requests; Call from client;
             Facsimile to realtor; Preparation
             of 3rd party request to The Burke
             Group.

        SV   Preparation of 3rd party subpoena        0.30
             to South Trust Bank.

        SV   E-mail to Kristin at Stahl's             0.20
             regarding Kentucky Bank subpoena;
             Call to client regarding condo
             subpoena.

        SV   Return call to opposing regarding        0.50
             mediation; Changes to 3rd party
             requests; Filed and served same.

        SV   Calendared subpoenas.                    0.10

2/13/02 SV   Call from opposing regaridng            0.10
             setting mediation.

Yessin, Michelle                                                    Page    3

|          |     |                                                      | Hours |
|----------|-----|------------------------------------------------------|-------|
| 2/13/02  | SV  | Call from opposing regarding setting mediation; Call to accountant; Return call to opposing. | 0.20 |
|          | SV  | Call to accountant regarding subpoenas, additional discovery; Research regarding bank accounts. | 0.40 |
| 2/14/02  | SV  | Return call to opposing.                              | 0.10  |
| 2/15/02  | NHH | Listen to voice mail.                                 | 0.20  |
| 2/18/02  | NHH | Review Motion for Rehearing.                          | 0.20  |
|          | CER | Office conference with NHH regarding drafting of Notice of Charging Lien.  Office conference with legal assistant regarding attorney's fee affidavit. | 0.40 |
|          | SV  | Call to opposing regarding deposition of Helen McNally. | 0.10 |
| 2/19/02  | CER | Office conference with NHH regarding drafting of Notice of Attorney Charging Lien.. | 0.20 |
|          | SV  | Call to judicial assistant (left message).            | 0.10  |
| 2/20/02  | NHH | Preparation for conference with client.  Conference with client. | 1.30 |
|          | SV  | Work on Promissory Note and Mortgage.                 | 0.50  |
|          | SV  | Work on Kentucky Bank subpoena, research.             | 0.10  |

] ✗ charging lien –

] ✗

✳

Yessin, Michelle                                                    Page    4

|  |  |  | Hours |
|---|---|---|---|
| 2/20/02 | SV | Call to opposing; Call to mediator; Prep of correspondence regarding scheduling for attorney signature. | 0.50 |
|  | SV | Additions to Burke Group subpoena. | 0.50 |
|  | SV | Completed bank subpoena. | 0.50 |
|  | PT | Internet research for condo assoc. address | 0.20 |
|  | PT | Internet research for bank in Frankfort, KY | 0.40 |
| 2/21/02 | NHH | Preparation of Settlement Agreement. | 1.40 |
|  | CER | Office conference with NHH and legal assistant regarding outstanding balance on attorney's fees.   Draft Notice of Charging Lien. | 0.80 |
|  | SV | Changes and additions to bank subpoena. | 0.30 |
| 2/23/02 | NM | Telephone conference with client regarding stipulation. | 0.30 |
| 2/25/02 | CER | Review of Motion for rehearing. Outline and instruct legal assistant regarding estimate on transcript for hearing. | 0.50 |
| 2/26/02 | NM | Telephone conference with NHH regarding stipulation and changes. | 0.20 |
|  | PT | Submitted subpoena for Financial Info | 0.50 |

Yessin, Michelle                                                    Page    5

|  |  | Hours |
|---|---|---|
| 2/27/02 CER | Office conference with legal assistant regarding drafting Response to husband's Motion for Rehearing.  Telephone conference with office of Judge Levens regarding ruling on Motion. Outline and instruct legal assistant regarding drafting letter to Judge Levens.  Revise letter to Judge Levens. | 0.70 |
| 2/28/02 CER | Office conference with legal assistant regarding third party subpoenas.  Research issue of objections to third party subpoenas. | 0.70 |
| NM | Inserted holiday language and other changes in Stipulation. per NHH | 0.50 |
| NM | Telephone conference with client. E-mail stipulation to client. | 0.20 |

*Ex Parte*

|  | Amount |
|---|---|
| For professional services rendered | 18.20 $3,070.00 |
| Additional charges: | |
| 3/4/02 Fax charge | 15.00 |
| Copy | 12.50 |
| Postage | 5.84 |
| 2/28/02 Check #3873 to Linda Peterman. | 800.00 |
| Total costs | $833.34 |
| Interest on overdue balance | $159.53 |

Yessin, Michelle                                          Page    6

|                              | Amount      |
| ---------------------------- | ----------- |
| Total amount of this bill    | $4,062.87   |
| Previous balance             | $31,917.35  |
| Balance due                  | $35,980.22  |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

---

Previous balance of Client funds                    $0.50

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Ziegle, Myrtle
P.O. Box 1328
Riverview, FL 33568



March 7, 2002
In Reference To:Paternity
Invoice #102255

|  | Amount |
|---|---|
| Interest on overdue balance | $27.02 |
| Total amount of this bill | $27.02 |
| Previous balance | $4,276.65 |
| Balance due | $4,303.67 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544


May 29, 2002
In Reference To:Dissolution of Marriage
Invoice #102278

        Professional services

                                                    Hours

    3/4/02 SV   Call from South Trust bank            0.20
                regarding documents; Memo to NHH
                and Kristin at Stahl's regarding
                same.

    3/6/02 CER  Draft Order of denial of husband's    0.60
                Motion for Rehearing.                   .

          NM   Insert holiday language in             0.30
                agreement.  Telephone conference
                with client regarding changes to
                agreement.

    3/7/02 CER  Review of e-mail from NHH.            0.30
                Outline and instruct legal
                assistant regarding drafting
                letter to Real and Judge Levens
                regarding Order of Denial.

          NHH  Telephone conference with client      0.50
                regarding changes to settlement
                proposal.

Yessin, Michelle                                                    Page    2

                                                                   Hours

3/11/02 SV  Call to opposing regarding depo of          0.10
            Helen McNally; Memo to NHH
            regarding problems setting depo.

        NHH Give specific directions on                 0.20
            service and setting husband's
            girlfriend's depo.

3/12/02 CER Office conference with legal                0.30
            assistant and NHH regarding.

        SV  Call to client; E-mail to CER               0.10
            regarding same.

        SV  Conference with NHH regarding depo          0.20
            of Helen McNally.

3/13/02 CER Review of correspondence from               0.50
            client and respond via e-mail.
            Office conference with legal
            assistant regarding Order.

        PT  Preparation of Deposition Notice            0.50
            and Subpoena. (Courtesy discount
            of .3)

3/14/02 CER Office conference with NHH                  3.50
            regarding enforcement of temporary
            order.  Research incarceration
            sanctions.  Review of Orders.
            Draft wife's verified Motion for
            Cotempt.  (Courtesy Discount of
            1.7)

        NHH Telephone client.  Review                   0.70
            husband's e-mail.

        NHH Make changes to Stipulation.                1.40

        NHH Preparation of final changes to             1.00
            proposal.

Yessin, Michelle                                                    Page    3

|          |     |                                                          | Hours |   |
|----------|-----|----------------------------------------------------------|-------|---|
| 3/14/02  | NHH | Telephone conference with client to go over changes to proposal. | 0.80 | ⚡ |
| 3/15/02  | CER | Further revisions to wifes verified Motion for Contempt. | 1.00 |   |
|          | CER | Office conference with NHH and legal assistant regarding wife's motion for contempt. | 0.20 |   |
|          | NHH | Review and send proposed Stipulation to husband and opposing counsel.  Telephone client. | 0.40 | ✳ |
|          | NHH | Complete changes to Stipulation and dictate letter to Real. | 1.70 | ⚡ |
| 3/17/02  | CER | Further revisions to wife's motion for contempt.  Review correspondence from client. | 0.50 |   |
|          | NHH | Review and revise Motion for Contempt. | 0.20 |   |
| 3/18/02  | CER | Office conference with NHH regarding revisions to Motion for Contempt.  Further revisions to Motion.  (Courtesy Discount of 1 hour) | 1.10 |   |
|          | CER | Office conference with client. | 0.80 | — |
|          | BP  | Prepare cover letter, prepare exhibits and case law for Motion for Contempt. | 1.00 |   |
|          | SV  | Call to client (left message). | 0.10 |   |
| 3/19/02  | SV  | Return call to opposing regarding hearing on Motion for Rehearing. | 0.10 |   |

Yessin, Michelle                                                    Page    4

                                                            __Hours__

3/20/02 SV   Call from opposing regarding              0.10
             hearing on Motion for Rehearing;
             Memo to NHH.

        SV   Call from opposing.                        0.10

        PT   Preparation of information for             0.80
             Mandatory Disclosure

        PT   Prepare subpoena to Merrill Lynch.         0.40

3/21/02 CER  Telephone conference with client          0.20
             regarding hearing on Motion for
             Contempt.

        BP   Schedule Contempt Motion.                  0.20

        SV   Call to opposing counsel's office.         0.30
             Memo to NHH regarding Motion for
             Rehearing.

3/22/02 PT   Follow-up calls to Merrill Lynch          0.20
             regarding discovery requested of
             Merrill Lynch

3/24/02 NHH  Review client's detailed e-mail           0.30
             and respond.

3/25/02 BP   Schedule Contempt hearing.                 0.50

        BP   Schedule deposition - H. McNally.          0.40
             Contact opposing counsel and Mills
             Reporting.

        PT   Telephone conference with Merrill          0.50
             Lynch and SunTrust regarding the
             documents requested through
             Subpoena.

3/26/02 PT   Call from OC re: telephone                 0.20
             conference

Yessin, Michelle                                              Page    5

                                                              Hours

3/26/02 PT   Preparation of Notice of Depo.        0.20
             (Courtesy discount of .3)

3/27/02 CER  Office conference with NHH.           1.50              *
             Review of counter-offer by husband.

3/28/02 CER  Office conference with NHH            0.30 NO CHARGE
             regarding Charging Lien.

        BP   Schedule   hearing.   Contact JA,     0.70
             opposing counsel, client -
             schedule and confirm.   Prepare
             notices.

        BP   Reschedule deposition of our          0.30
             client per opposing counsel's
             request.  Contact client and
             opposing counsel to confirm.

        PT   Internet research for legal           0.40        ⌐
             description of property

       NHH   Telephone client.                     0.30

3/29/02 CER  Preparation of Charging Lien.         0.20        ⌐

        PT   Preparation of Notice of              0.40
             Deposition Duces Tecum of Helen
             McNally.

4/1/02 CER   Office conference with NHH            0.20
             regarding drafting response.

       CER   Draft Response to Motion for          1.00
             Rehearing.

        PT   Preparation of discovery documents    0.60
             for opposing counsel

        SV   Return call to Delores at             0.10
             SouthTrust regarding subpoena.

Yessin, Michelle                                                    Page    6

                                                                    Hours

4/2/02 CER  Draft Response to Motion for            1.60
            Rehearing.

        CER  Further revisions to Response to       0.50
             Motion on Rehearing.

        PT   Prepared notice of compliance with     0.60
             request for documents from OC.
             Distributed to B. Stahl & opposing
             counsel

        PT   Assisted attorney with information     0.30
             re: charging lien

        NHH  Review and revise Response to          0.50
             Motion for Rehearing.  Find
             additional cases.

4/3/02 CER  Telephone conference with client        0.20
            regarding custody concerns.

        NHH  Give directions regarding setting      0.20 NO CHARGE
             up telephone conference with
             client to discuss immediate
             payment of costs and amounts.

4/4/02 CER  Review voicemail and e-mail NHH         0.20
            with client's concerns.

4/5/02 CER  Telephone conference with client        0.20 NO CHARGE
            regarding concerns over hearing on
            contempt.

4/10/02 SV  Call from opposing; Call to             0.20
            mediator's office; Return call to
            opposing regarding mediation
            change.

4/12/02 CER  Office conference with legal           0.80
             assistant and NHH regarding
             husband's compliance with
             Mandatory Disclosure.  Outline and

Yessin, Michelle                                          Page    7

                                                       Hours

              instruct legal assistant regarding
              acquisition of records.  Telephone
              conference with Gary from Real's
              office regarding mediation.

4/12/02 SV    Conference with NHH regarding new        0.20
              mediation; Return call to opposing
              regarding same.

4/15/02 NHH   Telephone client regarding               0.40
              settlement and costs.

        PT    Worked with producing documents          1.50
              for discovery to send to
              accountants

        CER   Office conference with legal             0.20
              assistant regarding scheduling of
              mediation.

4/16/02 NHH   Preparation for mediation.               0.40

        PT    Preparation of documents for             1.50
              discovery; prepared transmittal
              letter to B. Stahl; preparation of
              mediation notebook

        SV    Call with accountant regaridng           0.20
              preparation for mediation.

4/17/02 NHH   Telephone Real's office X 2.             1.20 NO CHARGE
              Telephone client.  Dictate letter
              to opposing counsel.  Telephone
              mediation services X 2.

        PT    Finalized notebook preparation          0.20

        PT    Assisted attorney in preparation        0.40
              of Charing Lien

Yessin, Michelle                                                    Page    8

                                                              Hours

4/17/02 CER Office conference with NHH and          1.70
            legal assistant regarding
            revisions to Notice of Charging
            Lien.  Review of bills.  Further
            revisions to Notice.

4/22/02 CER Office conference with NHH and          0.20
            legal assistant regarding Charging
            Lien.

4/23/02 PT  Research of internet re: election       0.50
            of judges; obtained handbook re:
            judge qualifications to run for
            election

        CER Review of file.  Research law on         2.40
            objection to Motion for Rehearing.
            Draft Notice of Additional
            Authority.  Hand delivery Motions
            to Judge Levens.  Office
            conference with legal assistant
            regarding hearing.  Obtained
            qualifications for circuit judge.

4/24/02 PT  Preparation of trial notebook            0.50

        CER Telephone conference with client         0.40
            regarding hearing.  Preparation
            for hearing.

        NHH Respond to Husband's questions.          0.20

4/25/02 CER Telephone conference with client         0.10
            regarding cancellation of hearing.

4/29/02 CER Telephone conference with client         0.50
            regarding preparing for contempt
            hearing.  Office conference with
            NHH regarding strategy.

                                                   _____   Amount

            For professional services rendered      46.70 $7,512.50

Yessin, Michelle                                        Page    9

Additional charges:

|  |  | Amount |
|---|---|---:|
| 3/29/02 | Copy | 79.25 |
|  | Fax charge | 15.00 |
| 4/30/02 | Copy | 358.00 |
|  | Fax charge | 13.00 |
|  | Postage | 8.63 |
| 3/20/02 | Check #3906 to Donald Legget, process server for Inv. 158. | 44.00 |
| 4/4/02 | Check #3949 to SouthTrust Bank for copies of documents produced. | 274.75 |
| 4/17/02 | For copies from Clerk's office. | 5.00 |

| | Amount |
|---|---:|
| Total costs | $797.63 |
| Interest on overdue balance | $1,486.85 |
| Total amount of this bill | $9,796.98 |
| Previous balance | $35,980.22 |
| 4/30/02 Client payment from trust | ($849.00) |
| Balance due | $44,928.20 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Yessin, Michelle                                              Page   10

| | Amount |
|---|---|
| Previous balance of Client funds | $0.50 |
| 4/25/02 Check from Brent Yessin for cost incurred. | $2,900.00 ✕ |
| 4/26/02 Check #1675 to Sunray Legal Video for invoice #20101 | ($212.50) |
| 4/26/02 Check #1672 to Mills Reporting for Inv. #23776-2 | ($448.30) |
| 4/26/02 Check #1674 to Berryhill & Associates for Inv. #116145. | ($50.25) |
| 4/26/02 Check #1673 to Berryhill & Associates for Inv. #115496. | ($75.75) |
| 4/26/02 Check #1671 to Bay Area Reporting for Inv. #1671.00 | ($303.00) |
| 4/30/02 Check #1677 to Nancy Harris, P.A. for costs incurred in Domestic Violence action. | ($487.01) |
| 4/30/02 Client payment from trust | ($849.00) |
| New balance of Client funds | $474.69 |

*ATTACHMENT B, cont*

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544


June 27, 2002
In Reference To:Dissolution of Marriage
Invoice #102449

        Professional services

                                                        Hours

  5/6/02 NHH Give instructions requesting              0.20        ] Finally
             analysis of Prenuptial award.

  5/7/02 CER Review Motion to Disqualify.  Give        2.00        ?
             directions regarding acquisition
             of various documents.   Research
             disqualification.

         NHH Direct inquiries regarding                0.20        ?
             husband's qualifications to run
             for judge.

         SV  Preparation of Subpoena to Helen          0.40
             McNaly; Call to client regarding
             address for service.

         BP  Confirm with Div. of Elections -          0.60        ?
             Husband has not filed application
             to run for the position of Judge.

             Prepare cover letter and fax to
             DOE requesting sworn statement to
             that affect.

Yessin, Michelle                                          Page    2

                                                    _Hours_

            Prepare cover letter to opposing
            counsel confirming attorney's
            conversation requesting copy of
            Husband's application.

5/8/02 CER  Give directions regarding              0.20
            preparation for hearing on
            disqualification.

       CER  Telephone conference with office       0.30
            of Judge Levens regarding
            disqualification.  Revise letters
            to Real and supervisor of
            elections.

       CER  Give directions to obtain various      0.70
            documents regarding husband's
            candidacy.  Telephone conference
            with Division of Elections
            regarding husband's candidacy.

       CER  Draft Motion to Set Aside Order of      0.60
            Recusal.  Give directions
            regarding acquisition of Affidavit
            from supervisor of elections.

5/9/02 CER  Give directions to legal assistant     0.60
            regarding acquisition of Affidavit
            from Tim Bridge.  Telephone
            conference with client.

5/10/02 CER Revise Motion to Set Aside Order       1.50
            of Disqualification.  Give
            directions regarding acquisition
            of current information on file
            with Secretary of State.

       BP   Assist attorney in confirming          1.00
            Husband filed documents to run for
            position of Judge.

Yessin, Michelle                                      Page    3

                                                   __Hours__

5/13/02 CER Telephone conference with client.        0.30
            Give instructions regarding
            scheduling of hearing on Motion to
            Set Aside.  Telephone conference
            with office of Judge Levens
            regarding scheduling hearing.
            Give instructions regarding
            drafting letter to Judge Levens.
            (No charge)

        NHH Review file regarding husband's         0.20
            failure to provide discovery and
            give directions.

5/14/02 CER Planning and strategy conference         1.50
            regarding strategy and moving case
            forward. Review of file.  Draft
            Notice of Voluntary Dismissal.
            Telephone conference with client
            regading hearing on Motion for
            Contempt.

        SV  Call to opposing regarding moving        0.20
            Wife's deposition.

        BP  Prepare notices for 7.18.02             0.30
            mediation.

5/15/02 CER Give directions to SV regarding          0.50
            scheduling wife's deposition
            Revise Motion for Protective Order.

        SV  Preparation of Motion for               0.50
            Protective Order.

5/16/02 CER Analyze and compare offer with           0.60
            Prenuptial Agreement.  Telephone
            conference with client.

5/17/02 NHH Conference regarding husband's           0.60
            settlement offer, wife's response
            to prepare our own response.

Yessin, Michelle                                                    Page    4

                                                            Hours

5/17/02 SV  Call to clieet regarding proposed          0.10
            agreement (left message)n

        SV  Call with client regarding               1.30
            proposed Marital Settlement
            Agreement; Memo to NHH regarding
            same.

5/20/02 NHH Respond to Real's office question         0.20
            regarding proof of re-assignment.

        NHH Give directions on hearings needed.        0.20

        SV  Call to opposing regarding               0.30
            rescheduling Motion for Contempt
            with reassigned judge; Memo to NHH
            regarding same; Call with client.

        SV  Lengthy e-mail to accountant             0.20
            detailing status of case; Contempt
            hearing, proposed agreement and
            schedules needed for hearing.

        SV  Review information from Clerk on          0.60
            Notice of Reassignment; Call to
            opposing counsel; Preparation of
            correspondence for attorney
            signature to opposing counsel
            regarding scheduling hearing.

5/21/02 SV  Call to opposing counsel (Scott);        1.20
            Preparation of Notice of Hearing;
            Preparation of Affidavit regarding
            scheduling; Itemized for attorney
            case discovery status; E-mail to
            accountant regarding same.

        SV  Changes to Affidavit; Changes to         0.20
            Notice of Hearing.

Yessin, Michelle                                                    Page    5

                                                        Hours

5/21/02 NHH Conference with client.  Dictate        1.90
            detailed letter to Real regarding
            settlement.

5/22/02 NHH Review and revise settlement offer.     0.30

5/23/02 PT  Telephone call from client re:          0.20
            letter and fax of information for
            HNN

        SV  Call with client regarding Motion       0.20
            for Contempt hearing; E-mail to
            NHH regaridng judge, hearing,
            motion.

        SV  Preparation of enclosure letter to      0.30
            opposing regarding clerk file
            cover.

5/24/02 CER Give directions to SV regarding         0.20
            discovery from husband.

        SV  Preparation of Motion (Second) to       2.00
            Compel Discovery; Itemized
            Husband's discovery v. Husband's
            responses and actual discovery.

        SV  Preparation of First Request for        0.80
            Production of Documents.

5/28/02 CER Perform research for contempt           2.00
            hearing.  Review husband's motion
            for continuance.  Prepare for
            hearing on contempt.

        BP  Request court reporter for 5.29.02       0.20
            hearing.

        SV  Call from accountant; Memo to NHH        0.20
            regarding same.

Yessin, Michelle                                                    Page    6

                                                                   Hours

5/28/02 SV   Prep work for hearing; Second call      1.50
             with accountant regarding
             testimony and aid to court; Review
             of court orders regarding
             custodial evaluation; Memo to
             attorneys regarding same; Call
             with client regarding support
             payments; Memo to accountant
             regarding same.

       SV    Preparation of timeline of case        1.50
             for contempt hearing.

       NHH   Telephone client.  Preparation for     1.60
             hearing.  Review pleadings.
             Telephone Kristen of Stahl's
             office.

5/29/02 CER  Review of Motion from husband.         2.80
             Prepare response to Motion for
             Continuance.  Research
             requirements of Motion for
             Reconsideration.

       SV    Prep work for hearing; Preparation     1.50
             of exhibits for hearing; Call from
             judicial assistant; Memo to
             attorneys regarding same; Call
             with client.

       SV    Call to accountant; Call to            0.40
             client. Memo to attorney.
             conflicts.

       SV    Preparation of Order Continuing        0.80
             Hearing.

       NHH   Preparation for hearing.  Review       0.90
             pleadings of husband regarding
             continuation of hearing.
             Telephone JA of Judge Timmerman.

Yessin, Michelle                                                        Page    7

|  |  |  | Hours |
|---|---|---|---|
| 5/30/02 | SV | Preparation of judge's letter enclosing Order Granting Husband's Continuance. | 0.30 |
|  | SV | Changes to judge's letter; Hand-delivered Order to judge. | 0.40 |
|  | NHH | Complete MSA changes.  Send e-mail to client. | 0.80 |
| 5/31/02 | NHH | Conduct planning strategy meeting to move case forward. | 0.30 |
|  | CER | Planning and strategy conference regarding status and moving case forward. | 0.20 |
|  | SV | Planned conference for status of moving of case. | 0.20 |
|  | SV | Call with Matt at Real's office regarding scheduling depo of Husband prior to 6/17 hearing; Memo to NHH regarding same. | 0.20 |

|  |  | Amount |
|---|---|---|
| For professional services rendered | 39.00 | $6,033.00 |
| Additional charges: |  |  |
| 6/18/02 Fax charge |  | 11.00 |
| Copy |  | 13.25 |
| Postage |  | 5.34 |
| Total costs |  | $29.59 |
| Interest on overdue balance |  | $506.02 |
| Total amount of this bill |  | $6,568.61 |

Yessin, Michelle                                            Page    8

|                              | Amount |
|------------------------------|-------:|
| Previous balance             | $44,928.20 |
| Balance due                  | $51,496.81 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

|         |                                                              | Amount |
|---------|--------------------------------------------------------------|-------:|
|         | Previous balance of Client funds                             | $474.69 |
| 6/17/02 | Check #1700 to Berryhill & Associates for Inv. #121698.      | ($68.75) |
|         | New balance of Client funds                                  | $405.94 |

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 33544


August 1, 2002
In Reference To:Dissolution of Marriage
Invoice #102540

        Professional services

|  |  |  | Hours |
|---|---|---|---|
| 6/2/02 | NHH | Give directions on McNally's depo. | 0.20 |
| 6/3/02 | CER | Review of transcript of temporary hearing.  Start legal reserach on reconsideration. | 0.40 |
|  | SV | Return call to Matt at Real's office; Memo to attorney's regarding same. | 0.20 |
| 6/5/02 | SV | Research for subpoena to Division of Elections; Preparation of subpoena. | 1.00 |
|  | SV | Changes to Second Motino to Compel; Research regarding supplemental mandatory disclosure. | 0.50 |
| 6/6/02 | SV | Final additions to Motion to Compel; Memo to NHH regarding same. | 0.50 |

Yessin, Michelle                                          Page    2

                                                       __Hours__

  6/7/02 NHH  Telephone conference with client.     0.30 NO CHARGE
             Revise Motion.

6/10/02 CER  Give directions to SV regarding       0.30
             scheduling of husband's deposition.

       NHH  Revise and complete Notice of         0.40 NO CHARGE
             Charging Lien.

6/11/02 SV   Preparation of correspondence to       0.30
             opposing for attorney signature.

6/12/02 CER  Legal research in preparation of       3.20
             contempt hearing.   Prepare and
             draft Response to Motion for
             Reconsideration.   Give directions
             to SV regarding preparation for
             hearing.

6/13/02 CER  Made further revisions to Response     2.30
             to husband's Motion for
             Reconsideration.

       BP   Copy and hilite case law for 7.17    1.50
             hearing.

       SV   Changes and additions to Wife's      1.00
             Response to Husband's Motion for
             Reconsideration; E-mail from
             accountant regarding proposed
             schedules; Call with client; Memo
             to NHH regarding same.

       SV   Receipt and review of facsimile      0.30
             from accountant; Call with client
             regarding settlement.

      NHH  Prepare response to Motion for       0.80
             Reconsideration.

Yessin, Michelle                                                    Page    3

                                                                    Hours

6/14/02 CER Made further revisions to Response          1.20
            to Motion Reconsideration.
            Give directions to SV regarding
            preparation for contempt hearing.
            Planning conference with SV on
            status and moving case.

        SV  Planned meeting for status and              0.20
            moving of case.

        SV  Assistance to attorney regarding            2.00
            Response to Husband's Motion for
            Reconsideration; Preparation of
            Notice of Intent to Use Summaries;
            Preparation of correspondence to
            Judge enclosing response;
            Preparation of correspondence to
            opposing regarding summaries.

        SV  Prep work for 6/17 hearing;                 1.00
            Preparation of exhibits for
            hearing.

        NHH Telephone client.  Dictate and              0.80
            revise detailed letter to client.

6/16/02 NHH Preparation for hearing on                  1.50
            husband's Motion to Continue our
            Motion for Contempt and husband's
            Motion for Reconsideration.

6/17/02 CER Legal research of telephonic                1.70
            appearance.  Telephone conference
            with client regarding hearing.

        SV  Calls with client, opposing; Prep           2.00
            work for hearing; Updates to
            notebook.

        SV  Call to opposing regarding status           0.50
            of agremeent; Assistance to
            attorney regarding agreement;
            Calls to judicial assistant.

Yessin, Michelle                                                    Page    4

|            |     |                                                  | Hours |
|------------|-----|--------------------------------------------------|-------|
| 6/17/02 | NHH | Telephone client. | 0.30 |
|  | NHH | Review MSA with client.  Telephone Real regarding changes to Agreement.  Negotiate changes. Attendance at hearing to prove up divorce and enter MSA. | 2.40 |
| 6/18/02 | SV | Voicemail from client regarding agreement/alimony payment; Return call to client. | 0.20 |
| 6/19/02 | SV | Call from client; Memo to attorneys regarding same. | 0.20 |
| 6/20/02 | CER | Give directions to legal assistant regarding drafting subpoena duces tecum. | 0.20 |
|  | SV | Preparation of Quit Claim Deed. | 0.80 |
| 6/26/02 | BP | Prepare and distribute notices cancelling 7.18 mediation. | 0.40 |
| 6/28/02 | CER | Planning and strategy conference regarding status and moving case forward. | 0.20 |
|  | SV | Preparation of Motion to Adjudicate Charging Lien. | 1.20 |
|  | SV | Planned meeting for status and moving case forward. | 0.20 |
|  | NHH | Review and revise Motion. | 0.40 |

|                                      |       | Amount    |
|--------------------------------------|-------|-----------|
| For professional services rendered | 30.60 | $4,637.50 |

Yessin, Michelle                                              Page   5

     Additional charges:

|  |  | Amount |
|---|---|---:|
| 7/8/02 | Fax charge | 13.50 |
| 7/9/02 | Copy | 56.75 |
|  | Fax charge | 13.50 |
|  | Total costs | $83.75 |
|  | Interest on overdue balance | $970.64 |
|  | Total amount of this bill | $5,691.89 |
|  | Previous balance | $51,496.81 |
| 7/25/02 | Client payment from trust | ($405.94) |
|  | Balance due | $56,782.76 |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

|  |  |  |
|---|---|---:|
|  | Previous balance of Client funds | $405.94 |
| 7/25/02 | Client payment from trust | ($405.94) |
|  | New balance of Client funds | $0.00 |

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle




January 2, 2002
In Reference To:Domestic Violence.
Invoice # 102020

        Professional services

                                                    Hours

11/1/01 CER Preparation for DVI hearing.            2.50
            Telephone conference with Gilbert
            regarding DVI hearing.  Draft and
            revise Response to Motion for
            Limine and Protective Order.
            Revise Motion for Protective Order.

        SV  Call from attorney for doctor           0.20
            regarding testimony; Conference
            with attorneys regarding same.

        SV  Call to courier.                        0.10 NO CHARGE

11/2/01 CER Attend and conduct DvI hearing.         2.30
            Post hearing meeting with client.

        CER Outline and instruct legal              0.20
            asssistant regarding acquisition
            of records regarding husband from
            Florida Bar.

Yessin, Michelle                                                    Page    2

                                                              Hours

11/2/01 CER Draft and revise letter to Don              0.30
            Gilbert regarding temporary
            support.

        CER Research husband's eligibility as           0.20                    ?
            member of Florida Bar.

        BP  Call FL Bar - Dues & Educ. Depts.           0.80
            - Determine Husband's eligibility                                   ?
            status to practice in FL.
            Follow-up call to Dues Dept.
            requesting written proof of
            ineligibility.  Fax request,
            prepare overnight for affidavit to
            be returned before 11.9.01 hearing.

11/5/01 CER Outline and instruct legal                  0.20
            assistant regarding DVI hearing.

        CER Office conference with legal                0.10
            assistant regarding acquisition of                                  ?
            documents regarding husband's
            ineligibility with Florida Bar.

        CER Office conference with NHH and              0.30
            legal assistant regarding drafting
            of Response to husband's emergency                           Duplicate
            Motion for Visitation and
            scheduling of mediation and
            temporary hearing.

        BP  Prepare subpoena - Dr. Locicero -           0.30
            for 11.9.01 hearing.  Order court
            reporter.  Arrange service.

        BP  Call FL Bar - Educ. Dept. -                 0.30
            Requested written proof of                                          ?
            ineligibility to practice in FL
            for 11.9.01 hearing.

Yessin, Michelle                                              Page   3

|  |  |  | Hours |
|---|---|---|---|
| 11/6/01 | BP | Update file for 11.8.01 hearing | 0.40 |
| 11/7/01 | CER | Prepare for DVI hearing on Friday. Telephone conference with Don Gilbert regarding possible stipulations.  Telephone conference with Dr. LoCicero's office.  Office conference with NHH regarding strategy for DVI hearing. | 3.20 |
|  | NHH | Review and revise Motion. | 0.10 |
| 11/8/01 | CER | Office conference with NHH regarding strategy for DVI hearing. | 0.20 |
|  | CER | Telephone conference with client regarding DVI hearing.  Telephone conference with office of Judge Myers and Don Gilbert regarding scheduling of hearing.  Outline and instruct legal assistant regarding rescheduling of hearing. Prepare for DVI hearing. | 1.90 |
|  | CER | Research issue of hearsay exceptions regarding statements made for purposes of medical diagnosis. | 0.30 |
|  | CER | Telephone conference with client's nanny regarding service of Subpoena on her. | 0.20 |
|  | CER | Telephone conference with Marc Ito from Florida Bar regarding husband's CLER delinquency. | 0.20 |
| 11/9/01 | CER | Telephone conference with client regarding DVI hearing today. | 0.20 |

WITNESS
TAMPERING

Yessin, Michelle                                                    Page    4

                                                                    Hours

11/9/01 CER  Prepare for DVI hearing.  Attend           0.80
             and conduct DVI hearing and past
             hearing discussions.

        CER  Preparation for DVI hearing.               5.00
             Attend and conduct DVI hearing and
             post hearing discussions with
             client.

11/13/01 SV  Conference with NHH regarding              0.20
             client's concerns with DV hearing;
             Call to client regarding
             instructions from NHH.

11/15/01 SV  Preparation of Memo to NHH                 0.30
             regarding information requested.

11/21/01 CER Office conference with NHH                 0.40
             regarding visitation schedule and
             hearing on Motion for Rehearing.
             Telephone conference with office
             of Judge Myers regarding
             scheduling of Motion for Rehearing.

        CER  Office conference with NHH.  Draft         0.20
             letter to Ray regarding visitation.

        NHH  Conference with CER.                       0.30 NO CHARGE

11/27/01 CER Listen to voice mail from Office           0.10
             of Judge Myers regarding Motion
             for Rehearing.

        CER  Office conference with NHH                 0.20
             regarding husband's status with
             Florida Bar.

11/28/01 CER Telephone conference with office           0.30
             of Judge Myers regarding Motion
             for Rehearing.  Office conference
             with NHH.

Yessin, Michelle                                              Page    5

                                                       Hours

11/30/01 CER Office conference with NHH               0.90
             regarding preparation for hearing
             on Motion for rehearing.  Review
             of husband's response to Motion
             for Rehearing.  Telephone
             conference with client regarding
             visitation concerns.  Preparation
             for hearing on Motion for Rehearing

                                                              Amount

         For professional services rendered   23.20 $3,964.50

         Additional charges:

11/28/01 Check #3736 to Sir Speedy for copies of              16.95
         pictures to attach to Motion.

12/17/01 Check to Federal Express for express sent to         18.98
         Fla. Bank Membership Services on 11/2/01.

         Check to Federal Express for hand delivery to        17.20
         K. Locicero on 11/1/01.

         Check to Federal Express for delivery from the       14.94
         Florida Bar to be sent to us.

         Check to Federal Express for package sent to         14.94
         Fla.  Bar.

 1/2/02 Check #3712 to Clerk of Court, appeal of             154.00
         domestic violence.

         Check #37134 to Clerk of Court, 2nd DCA for         250.00
         appeal.

         Total costs                                        $487.01

         Total amount of this bill                        $4,451.51

Yessin, Michelle                                                    Page     6

                                                          _____
                                                           Amount
                                                          _____

              Balance due                                 $4,451.51
                                                          ========

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544



January 17, 2002
In Reference To:Domestic Violence.
Invoice #102098

        Professional services

                                                            Hours

12/3/01 CER Review of e-mails from husband to        0.50
            wife on Motion for Rehearing.

        CER Listen to voice mail from Mark Ito       0.10
            from Florida Bar returning my call.

12/4/01 CER Office conference with NHH               7.80
            regarding preparation for Motion
            for Rehearing and temporary
            relief.  Office conference with
            client regarding hearing on Motion
            for Rehearing and DV issues.
            Telephone conference with Linda
            Peterman from the Spring regarding
            an evaluation of client for Motion
            for Rehearing.  Research issues of
            domestic violence and good cause
            for continuance.  Review of
            transcript of DV hearing.  Review
            husband's Motion for Continuance

Yessin, Michelle                                      .                    Page    2

                                                              Hours

          and reply to Motion for Rehearing.
          Draft and edit Response to Motion
          for Continuance and Response to
          Replay to Motion for Rehearing.

12/5/01 CER Office conference with NHH              ·              2.60
          regarding preparation for Motion
          for Rehearing.  Edit Response to
          Motion for Continuance.  Office
          conference with client regarding
          preparation for hearing on Motion
          for Rehearing.

        CER Telephone conference with Linda        0.30
          Peterman regarding her retainment
          for evaluation of client regarding
          battered wife's syndrome.

        CER Summarize DV notes.                     0.30

        NHH Preparation of argument outline.        1.10

        NHH Preparation of outline for hearing.     0.80

12/7/01 CER Draft and edit Memo of Law in          5.00
          support of Motion for Rehearing.
          Telephone conference with Linda
          Peterman regarding her testimony
          at hearing on Motion for Rehearing.

        CER Listen to voice mail from client.       0.10

12/9/01 NHH Review transcript of DVI hearing.      1.60

12/10/01 NHH Review of husband's Notice and        2.30
          Replys.  Conference with possible
          witness.  Draft Motion to Reopen
          Evidence.  Telephone Real's office
          X 2 and Judge Meyer's office X 2.

Yessin, Michelle                                          Page    3

|            |     |                                                                                                                                       | Hours |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------|-------|
| 12/10/01   | NHH | Preparation for Motion for Rehearing.                                                                                                  | 1.60  |
|            | BP  | Prepare notice for 12.11.01 hearing (Adding Petitioner's Motion to Reopen Testimony).                                                  | 0.10  |
|            | SV  | Conference with NHH regarding preparation for hearing.                                                                                 | 0.10  |
|            | SV  | Prep work for attorney regarding Rehearing in front of Myers.                                                                          | 0.30  |
|            | CER | Telephone conference with office of Judge Myers regarding signing of Order on Motion/Rehearing. Draft Order granting Motion for Rehearing. | 0.80  |
| 12/11/01   | NHH | Attendance at hearing on Motion for Rehearing and post hearing conference.                                                             | 1.50  |
|            | BP  | Copies for 12.11.01 hearing                                                                                                            | 0.80  |
| 12/13/01   | CER | Draft letter to Judge Myers regarding Order of Motion for Rehearing.                                                                   | 0.50  |
|            | CER | Review of Order on Petitioner's Motion for Rehearing.  Telephone conference with Cynthia from office of Judge Myers regarding our objection to signed Order. | 0.50  |
| 12/14/01   | CER | Office conference with legal assistance regarding correspondence to Judge Myers regarding Order on Motion for Rehearing.                | 0.10  |

Yessin, Michelle                                              Page    4

|            |     |                                          | Hours  |
|------------|-----|------------------------------------------|--------|
| 12/19/01   | CER | Office conference with NHH and Allison Perry regarding filing of appeal. | 0.70 |
|            | NHH | Conference with Perry regarding appeal. | 0.70 |
| 12/20/01   | CER | Telephone conference with Allyson Perry regarding filing Notice of Appeal.  Office conference with NHH regarding Notice of Appeal. | 0.20 |

|                                      |        | Amount      |
|--------------------------------------|--------|-------------|
| For professional services rendered   | 30.40  | $6,351.50   |
| Previous balance                     |        | $4,451.51   |
| Balance due                          |        | $10,803.01  |

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544


February 20, 2002
In Reference To:Domestic Violence.
Invoice #102178

Professional services

|  | Hours |
|---|---|
| 1/2/02 CER Telephone conference with Allyson Perry regarding Directions to the Clerk of Appeal. | 0.30 |
| 1/8/02 SV Work with hearing transcripts for appeals attorney; Call to appeals attorney. | 0.50 |
| 1/11/02 CER Telephone conference with Allison Perry regarding Order from Judge Levens. | 0.20 |

|  |  | Amount |
|---|---|---|
| For professional services rendered | 1.00 | $132.50 |
| Interest on overdue balance |  | $214.06 |
| Total amount of this bill |  | $346.56 |
| Previous balance |  | $10,803.01 |

Yessin, Michelle                                    Page    2

                                                         Amount

                Balance due                          $11,149.57

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544


March 7, 2002
In Reference To:Domestic Violence.
Invoice #102253

       Professional services

                                                    Hours

2/20/02 CER Office conference with NHH               0.50
            regarding various appeal issues.
            Telephone conference with  Allison
            Perry regarding appeal of DVI case.

2/25/02 CER Office conference with Allison           0.80
            Perry regarding argument section
            of appellate brief.  Review of
            appellate brief.

2/26/02 CER Office conference with A. Perry          0.60
            regarding revisions to Appellate
            Brief. X 2.

2/27/02 CER Revise initial brief and fax to          0.30
            NHH.

                                                                Amount

        For professional services rendered          2.20    $407.00

        Interest on overdue balance                          $79.91

Yessin, Michelle                                      Page    2

                                                      _____
                                                         Amount
                                                      _____

            Total amount of this bill          .          $486.91

            Previous balance                           $11,149.57
                                                      _____

            Balance due                                $11,636.48
                                                      ===============

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544



May 29, 2002
In Reference To:Domestic Violence.
Invoice #102277

     Professional services

|  |  | Hours |
|---|---|---|
| 3/27/02 CER | Telephone conference with Perry regarding appeal. Office conference with legal assistant. | 0.30 |
| 3/28/02 CER | Review of H's Motion for Extension of Time and Response.  Telephone conference with Perry regarding Response. | 0.60 |
| CER | Review second draft of Response to Motion for Extrention.  Telephone conference with Perry. | 0.30 |
| 4/24/02 SV | Call from Perry regarding H's Motion for Extension of Time; Conference with NHH; Return call to Perry. | 0.10 |

|  | | Amount |
|---|---|---|
| For professional services rendered | 1.30 | $230.00 |
| Interest on overdue balance |  | $445.31 |

Yessin, Michelle                                         Page    2

                                                        _____
                                                            Amount
                                                        _____

        Total amount of this bill                          $675.31

        Previous balance                                 $11,636.48

 4/30/02 Check from Dissolution trust account for          ($487.01)
         costs incurred.
                                                        _____
        Balance due                                      $11,824.78
                                                        ===============

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544



June 27, 2002
In Reference To:Domestic Violence.
Invoice #102448

        Professional services

                                                         Hours

  5/24/02 CER Listen to voice mail for Allison            0.10 NO CHARGE
             Perry.

         CER Telephone conference with A. Perry           0.40
             regarding appeal.

                                                                 Amount

         For professional services rendered              0.50     $74.00

         Additional charges:

  6/17/02 Payment to Berryhill & Associates for Inv.             118.75
          #113799 dated 11/9/2002, hearing before Judge
          Meyers.

         Total costs                                            $118.75

         Interest on overdue balance                            $162.21

         Total amount of this bill                              $354.96

Yessin, Michelle                                            Page    2

                                                                Amount

              Previous balance                              $11,824.78

              Balance due                                   $12,179.74

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.

Nancy Hutcheson Harris, P.A.
505 East Jackson Street
Suite 306
Tampa FL 33602
Telephone: (813) 223-5421


Invoice submitted to:
Yessin, Michelle
5539 Gallant Fox Court
Wesley Chapel FL 335544



August 1, 2002
In Reference To:Domestic Violence.
Invoice #102539

        Professional services

                                                    Hours

    6/1/02 NHH Review Answer brief.                  0.50

    6/20/02 CER Telephone conference with Allison    0.20
            Perry regarding request for oral
            arguments.

                                               _____   Amount

        For professional services rendered      0.70    $174.50

        Interest on overdue balance                     $206.36

        Total amount of this bill                       $380.86

        Previous balance                            $12,179.74

        Balance due                                 $12,560.60

Yessin, Michelle                                              Page    2

BALANCE DUE UPON RECEIPT.

18% ANNUAL INTEREST WILL BE CHARGED ON
BALANCES NOT PAID AFTER 10 DAYS.
THANK YOU.